UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| L.S., a minor, by P.S., his parent and next friend, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WEBLOYALTY.COM, INC., AMAZON.COM, INC., and VISA INC.,<br><br>Defendants. | Case No. 10-CV-01372 (CSH)<br><br><br><br><br><br><br><br><br><br>November 1, 2010 |

**DEFENDANT VISA INC.'S MOTION TO DISMISS**

Defendant Visa Inc. ("Visa") hereby moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint as against Visa in its entirety and with prejudice because it fails to state a claim against Visa upon which relief can be granted. Count IX of the Complaint — the only Count asserted against Visa — claims that Visa aided and abetted each of the asserted violations of law by the other defendants, Webloyalty.com and Amazon.com. Those aiding and abetting claims against Visa should be dismissed because:

(1)  The Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and the Electronic Funds Transfer Act, 15 U.S.C. § 1693a *et seq.*, which plaintiff asserts that Webloyalty violated, do not impose liability for aiding and abetting.

(2)  The Connecticut statute under which plaintiff seeks civil damages for the asserted theft of Webloyalty and Amazon, Conn. Gen. Stat. § 52-564, does not provide for damages against aiders and abettors. Nor does plaintiff allege that Visa received any proceeds of the asserted theft that could be sought as damages under that statute in any event.

ORAL ARGUMENT IS REQUESTED

(3)  Connecticut case law does not appear to have recognized a cause of action for aiding and abetting in connection with the unjust enrichment or money had and received theories that plaintiff asserts against Webloyalty and Amazon.  Moreover, the relief provided under those theories is restitution, and plaintiff alleges no wrongful payment from him to Visa for which plaintiff could obtain restitution from Visa.

(4)  There appears to be no Connecticut appellate court decision recognizing a claim for aiding and abetting negligent misrepresentation or fraud, in which Webloyalty and Amazon allegedly engaged.  But if such a claim were to be recognized, at a minimum it would require plaintiff to allege facts establishing that Visa knew of, and substantially assisted in, Webloyalty's purportedly deceptive pop-up advertisement to plaintiff and Amazon's purported billing misrepresentations to plaintiff.  Plaintiff alleges no such facts.

(5)  The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*, which plaintiff asserts that Webloyalty and Amazon violated, does not impose liability for aiding and abetting.  Moreover, even if that Act were construed to permit a claim for aiding and abetting, plaintiff alleges no facts that could establish such a claim.

(6)  Plaintiff's aiding and abetting claims against Visa are necessarily predicated on purported violations of law by Webloyalty and Amazon.  Thus, to the extent any claims against those defendants are dismissed, plaintiff's aiding and abetting claims against Visa must be dismissed as well.

Visa's Memorandum of Law in support of this motion has been filed herewith.

Respectfully submitted,


/s/ Jonathan B. Orleans
Jonathan B. Orleans (ct05440)
PULLMAN & COMLEY LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT   06601-7006
Telephone:  (203) 330-2129
Facsimile:   (203) 576-8888
jborleans@pullcom.com

Robert C. Mason
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY   10022-4690
Telephone:  (212) 715-1000
Facsimile:   (212) 715-1399
robert.mason@aporter.com

Matthew A. Eisenstein
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC   20004-1206
Telephone:  (202) 942-5000
Facsimile:   (202) 942-5999
matthew.eisenstein@aporter.com

Attorneys for Defendant Visa Inc.

- 4 -

## CERTIFICATE OF SERVICE

      This is to certify that on this 1st day of November, 2010, a copy of the foregoing **Defendant Visa Inc.'s Motion To Dismiss** was filed electronically, and served by mail on any party or counsel unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Dated: November 1, 2010                        /s/ Jonathan B. Orleans
                                                                  Jonathan B. Orleans (ct05440)

ACTIVE/72868.2/JORLEANS/2285686v1