# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| _____ ) | | |
| L.S., a minor, by P.S., his parent and next friend, ) | ) | |
| on behalf of himself and all others ) | **Case No. 3:10-cv-01372 (CSH)** | |
| similarly situated, ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | |
| **v.** ) | | |
| ) | | |
| **WEBLOYALTY, INC., GAMESTOP** ) | | |
| **CORPORATION and VISA INC.,** ) | | |
| ) | | |
| **Defendants.** ) | | |
| _____) | **DECEMBER 3, 2010** | |

## FORM 26(f) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:**

August 27, 2010.

Amended Class Action Complaint ("Amended Complaint") – November 19, 2010.

**Date Complaint Served:**

Visa Inc. ("Visa") – October 1, 2010.

Webloyalty Inc. ("Webloyalty") – October 20, 2010.

Amended Complaint:

Webloyalty and Visa – November 19, 2010

GameStop Corporation ("GameStop") – November 23, 2010.

**Date of Defendants' Appearance:**

Webloyalty – November 1, 2010.

Visa – November 1, 2010.

US1DOCS 7780333v1

GameStop has not yet appeared.

**Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on November 22, 2010.  The participants were**:

> David C. Katz for plaintiff.
>
> Patrick Klingman for plaintiff.
>
> James Prendergast for defendant Webloyalty.
>
> Robert Mason for defendant Visa.
>
> Matthew Eisenstein for defendant Visa.

**I.      Certification:**

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     Jurisdiction:**

      **A.      *Subject Matter Jurisdiction***

Plaintiff, Webloyalty, and Visa agree that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and that the Court is further vested with subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because Plaintiff alleges that this is a Class action with damages exceeding $5,000,000 and members of the proposed Class are citizens of different states than defendants.

      **B.      *Personal Jurisdiction***

Plaintiff, Webloyalty, and Visa agree that this Court has personal jurisdiction over each of

US1DOCS 7780333v1

them.

## III.   **Brief Description of Case:**

### A.   *Claims of Plaintiff*

Plaintiff discovered an unknown charge on his Visa debit card statement that, after further investigation, had been made over the course of about five months by Webloyalty.  Plaintiff did not authorize those charges.  Rather, plaintiff was the victim of an Internet scam known as post-transaction marketing.  Webloyalty contracted with GameStop to allow Webloyalty to interpose a pop-up "reward" intended to appear to be part of GameStop's transaction completion process.  As a result of that misleading and deceptive pop-up, the Visa debit card number and billing address provided by plaintiff to GameStop was without plaintiff's consent improperly transmitted by GameStop to Webloyalty, a scheme known as a "data pass."  About a month later, Webloyalty began to improperly charge plaintiff's Visa debit card account 12 per month.  Visa should have declined processing those charges since the "data pass" by which Webloyalty obtained plaintiff's Visa debit card number and billing address is not allowed under Visa operating rules or merchant agreements.

Plaintiff, in his amended complaint, asserts fourteen (14) claims for relief:

COUNT I – Violation of Title I of the Electronic Communications Privacy Act Against Webloyalty and GameStop

COUNT II – Violation of the Electronic Funds Transfer Act Against Webloyalty

COUNT III – Violation of the Electronic Funds Transfer Act Against Visa

COUNT IV – Unjust Enrichment Against the Defendants

COUNT V – Civil Theft Against Webloyalty and GameStop

COUNT VI – Money Had And Received Against Webloyalty and GameStop

US1DOCS 7780333v1

COUNT VII – Negligent Misrepresentation Against Webloyalty and GameStop

COUNT VIII – Negligent Misrepresentation Against Visa

COUNT IX – Fraud Against Webloyalty and GameStop

COUNT X – Unfair Or Deceptive Acts Or Practices Against Webloyalty and GameStop

COUNT XI – Unfair Or Deceptive Acts Or Practices Against Visa

COUNT XII – Aiding And Abetting Against Visa

COUNT XIII – Aiding and Abetting Against GameStop

COUNT XIV – Civil Conspiracy Against All Defendants

### B.    *Defenses and Claims of Defendants*

**1.    Webloyalty**.  On or around November 27, 2009, Plaintiff completed an online internet transaction to purchase a video game on Gamestop's website.  After Plaintiff concluded that transaction, for which he paid by Visa-branded bank debit card, he clicked a promotional link and chose to receive information about a further offer.  With that choice, Plaintiff was taken to the offer and enrollment internet webpage ("Enrollment Page") of Webloyalty's Shopper Discounts & Rewards membership program (the "Program") which detailed the terms of the offer.  In particular, the Enrollment Page disclosed – in seven separate locations – either the monthly cost of the program and/or that the debit card Plaintiff used to purchase his video game would be charged for membership.

Plaintiff then elected to join the Program.  Before he could do so, however, and to confirm his understanding that he had chosen to enter into another, separate commercial transaction, the enrollment page required Plaintiff to re-enter the last four digits of his debit card number.  Once he had done so,  Plaintiff also had to enter his email address twice (right next to a full set of the Program's "Offer and Billing Details"), and click yet another confirmatory web

- 4 -

button.  Only after completing all of these steps was Plaintiff enrolled in the Program.  After a

thirty-day free trial period, Webloyalty charged his debit card for Program membership.

Approximately one year later, Plaintiff ended his membership in the Program.

      Each of Plaintiff's claims in this case depends on a single fact – an alleged lack of

informed consent.  Yet, given the detailed disclosures on the Webloyalty Enrollment Page, and

the affirmative steps taken by Plaintiff to join the Program, each of the claims in Plaintiff's

Amended Complaint fails as a matter of law pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

Indeed, Courts have recently granted motions to dismiss claims against on-line retailers in cases

similarly involving allegations of purportedly deceptive on-line marketing.  *See, e.g.*, *Baxter v.*

*Intelius, Inc.*, 2010 WL 3791487 (C.D. Cal. Sept. 16, 2010); *In re Vistaprint Corp. Marketing*

*and Sales Practices Litigation*, 2009 WL 2884727 (S.D. Tex. Aug. 31, 2009).  In other cases,

courts have initially permitted only limited discovery for the purposes of assessing whether the

enrollment page screenshot of the on-line retailer was authentic and barred the Plaintiffs' claims.

 *See*, *e.g.*, *Berry v. Webloyalty.com, Inc.*, No. 10-CV-01358, Order (S.D. Cal. Nov. 11, 2010);

*Hook v. Intelius*, No. 10-CV-00239, Order (M.D. Ga. Nov. 3, 2010).  A motion is pending before

the Judicial Panel on Multidistrict Litigation to transfer one of those actions (*Berry*) to this Court

for coordinated pretrial proceedings with this action.

      Plaintiff's claims (and those of any class) are also barred because Plaintiff fails to satisfy

the requirements of Rule 23.  Each of Plaintiff's claims depend on unique individual issues,

including, among others, whether each plaintiff, in fact, provided informed consent, relied on any

purported representations made by Webloyalty and, if so, whether such reliance was reasonable.

Claims involving these issues have historically been unsuitable for class treatment, and courts

have frequently bifurcated discovery between certification issues and those related to the merits

of the allegations in order to prevent unnecessary and wasteful discovery.  *See In re Sonus Networks, Inc. Sec. Litig.*, 229 F.R.D. 339, 341 (D. Mass. 2005) ("Having been educated to understand that there would be meaningful issues concerning the propriety of class certification, the court limited discovery to that issue."); *see also Heerwagen v. Clear Channel Communications*, 435 F.3d 219, 234 (2d Cir. 2006) (affirming trial court ruling "limiting discovery in preparation for the class certification motion in order to reduce expense").

Plaintiff's claims are also barred for a number of additional reasons, including but not limited to the following: (1) Plaintiff failed to suffer any injury or damages, or to mitigate any purported damages; (2) Plaintiff's comparative and/or contributory negligence; (3) waiver and/or estoppel; (4) accord and satisfaction; and (5) Plaintiff's unclean hands.

As a result of these and other failings in Plaintiff's complaint, Webloyalty moved to dismiss Plaintiff's original complaint for failure to state a claim, and Webloyalty similarly intends to file a motion to dismiss all of the claims asserted in Plaintiff's amended complaint for substantially the same reasons.

**2.    Visa**.  Visa was not part of any arrangements between Gamestop and Webloyalty, had nothing to do with Webloyalty's marketing program or advertisement to Plaintiff, did not participate in and had no knowledge of any passing by Gamestop of Plaintiff's cardholder data to Webloyalty, and did not make any charges to Plaintiff's account.

Visa does not issue payment cards to consumers.  Instead, independent banks that are customers of Visa contract directly with cardholders to "issue" them Visa-branded payment cards, and/or contract with merchants to "acquire" their transactions made with Visa-branded payment cards.  Visa provides those banks with a payment card brand, and a computer network and operating regulations that the banks agree to follow, which allow the merchant-acquiring

- 6 -

banks and the card-issuing banks to complete Visa-branded card payments in a safe and secure manner.

The card-issuing banks maintain the contractual relationship with consumer cardholders like Plaintiff, authorize and make the charges to their accounts, and send them monthly statements. Pursuant to Visa's "zero liability" rules, those card-issuing banks are generally required to credit a cardholder for any transactions that the cardholder reports were unauthorized. An issuer may then choose to initiate a "chargeback," which returns the transaction to the acquiring bank.

The merchant-acquiring banks maintain the contractual relationship with merchants like Webloyalty and GameStop, and are responsible for processing their Visa-branded card payments in conformance with Visa's operating rules. Those banks could not process a card payment unless the merchant provided the bank with the complete card number for the consumer's Visa-branded payment card.

Not surprisingly, Visa has not been named as a defendant in any of the various actions filed against Webloyalty and other on-line retailers involving claims similar to those that Plaintiff asserts in this case. Consumers like Plaintiff have no contractual or direct relationship with Visa, and Plaintiff does not claim to have communicated with Visa. Visa moved to dismiss Plaintiff's original complaint, which asserted only claims that Visa aided and abetted other Defendants, for failure to state a claim. There is no cause of action for aiding and abetting under the legal theories that Plaintiff asserted against the other Defendants and, in any event, Plaintiff does not and cannot allege that Visa had knowledge of, or involvement in, the misrepresentations that on-line retailers allegedly made to Plaintiff about the passing of his billing information to Webloyalty, or the deceptive pop-up advertisement that Webloyalty purportedly published to

- 7 -

Plaintiff.  Plaintiff's amended complaint now seeks to assert additional direct claims against

Visa, which equally fail to state a claim because Plaintiff does not and cannot allege that Visa

made an unauthorized transfer of funds from Plaintiff's account, that Visa received money from

Plaintiff – or Webloyalty or GameStop – in connection with the Webloyalty program that

Plaintiff purchased, or that Visa made any misleading or deceptive statements to Plaintiff.

Plaintiff's claims against Visa also should fail for these and other reasons on the merits.

Moreover, the individual nature of Plaintiff's purchase, and what he saw and relied upon in

making that purchase, and in failing to contact his card-issuing bank to have any unauthorized

charges removed from his card statements, suggests that class certification is not appropriate

under Federal Rule of Civil Procedure 23.

## IV.    Statement of Undisputed Facts:

Counsel certify that they have made a good faith attempt to determine whether there are

any material facts that are not in dispute.  The parties state that the following material facts are

undisputed:

1.     Webloyalty is a company duly incorporated and existing under the laws of

the State of Delaware.  Webloyalty maintains its principal place of business at 101 Merritt 7,

Fourth Floor, Norwalk, Connecticut.

2.     GameStop is a public company duly incorporated and existing under the laws of

the State of Delaware, and its common stock is listed on the New York Stock Exchange, trading

under the symbol "GME."  GameStop maintains its principal place of business at 625 Westport

Parkway, Grapevine, Texas 76051.  GameStop operates more than 6,500 retail stores throughout

the United States, and other countries, including more than 20 retail stores within the State of

Connecticut.  GameStop also operates an e-commerce site, GameStop.com.

US1DOCS 7780333v1

3.      Visa Inc. is a public company duly organized and existing under the laws of the State of Delaware with its headquarters in San Francisco, California, and its common stock is listed on the New York Stock Exchange, trading under the symbol "V."

**V.      Case Management Plan:**

A.      ***Standing Order on Scheduling in Civil Cases.***  The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth herein.

B.      ***Scheduling Conference with the Court.***  As discussed below, the parties could not reach agreement on a discovery schedule.  Plaintiff desires to commence discovery immediately.  Defendants believe that discovery should be stayed pending the Court's resolution of the motions to dismiss the Amended Complaint (to be filed on or before December 23, 2010), after which the parties should have another Rule 26(f) conference and provide a further Rule 26(f) Report.  Defendants propose the deadlines described below only in case the Court wishes to enter a broader case management order at this time.

Thus, the parties request an in-person pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).  The parties will simultaneously submit letters to the Court regarding their suggested discovery schedules five (5) days prior to the conference.

C.      ***Early Settlement Conference.***

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  The parties do not believe that settlement is likely at this time, and do not believe that an early settlement conference would be helpful at this time.

2.      The parties do not request an early settlement conference and so at this time have

- 9 -

not decided before whom such a settlement conference should be conducted.  The parties have considered a referral for alternative dispute resolution pursuant to Local Civil Rule 16 and would not find a referral helpful at this time.  In the future, the parties may consider a referral to mediation.

     **D.**   ***Joinder of Parties and Amendment of Pleadings.***  As further explained below, Plaintiff, Webloyalty, and Visa agree that all parties should be allowed until sixty (60) days after the date of the initial production of documents by Plaintiff and all Defendants to file motions to join additional parties and to file motions to amend the pleadings.  Pursuant to the Court's approval of the stipulation of Plaintiff, Webloyalty, and Visa (Docket Entry # 27), Defendants will file motions to dismiss the amended complaint by December 23, 2010, Plaintiff will file oppositions to those motions by January 28, 2011, and Defendants will file replies by February 15, 2011.

     **E.**   ***Discovery.***

       **a.**   <u>**Topics for Discovery**</u>

The Plaintiff  anticipates that discovery will be needed on the following subjects:

     (1)    Plaintiff's transaction on GameStop's website;

     (2)    Webloyalty's pop-up that appeared on the GameStop website;

     (3)    Webloyalty's contract with GameStop and other e-tailers and the payment of "bounties" by Webloyalty to GameStop and such other e-tailers;

     (4)    Webloyalty's "usage rates";

     (5)    Webloyalty customer feedback and surveys;

     (6)    Webloyalty's post-transaction marketing efforts;

     (7)    The experience of other consumers who incurred charges from Webloyalty

after performing a transaction on GameStop;

(8)     GameStop customer feedback regarding Webloyalty;

(9)     Visa's operating rules and merchant agreements, as well as modifications

thereto;

(10)    Prior fraud warnings and the triggering of fraud procedures at Visa

regarding Webloyalty, GameStop and/or transactions performed pursuant

to a data-pass and Visa's processing of transactions of cardholders

victimized by the data pass;

(11)    Communications between Webloyalty and Visa concerning post-

transaction marketing, the data pass, and the processing of charges and

debits for consumers whose billing information was transferred to

Webloyalty pursuant to the data pass;

(12)    Communications between Webloyalty and the United States Senate

Commerce Committee, including all documents produced by Webloyalty;

(13)    Communications between GameStop and the United States Senate

Commerce Committee, including all documents produced by GameStop;

(14)    Communications between Visa and the United States Senate Commerce

Committee, including all documents produced by Visa;

(15)    Communications between Webloyalty and the New York Attorney

General's office, including all documents produced by Webloyalty;

(16)    Communications between GameStop and the New York Attorney

General's office, including all documents produced by GameStop; and

(17)    Communications between Visa and the New York Attorney General's

office, including all documents produced by Visa.

Without conceding the relevance of any of the forgoing topics, the Defendants anticipate that discovery will also be needed on the following additional topics (of which Plaintiff does not concede the relevance):

(1)    Benefits provided and/or made available to consumers, including Plaintiff, who joined the Webloyalty Program;

(2)    Consumers' (including Plaintiff's) customer histories with Webloyalty, including the date(s) each consumer joined a Webloyalty Program; the date(s) membership terminated; communications between Webloyalty and the consumer; fees charged to each consumer; and any refunds to the consumer;

(3)    Plaintiff's adequacy as a class representative;

(4)    Plaintiff's relationship and communications with the financial institution that issued the Visa-branded payment card referenced in Plaintiff's amended complaint;

(5)    Webloyalty's and Gamestop's relationships and communications with the bank(s) that acquired and processed their Visa-branded payment card transactions; and

(6)    Plaintiffs' alleged damages.

**b.      <u>Initial Disclosures and Commencement and Duration of Discovery</u>**

Plaintiff requests that all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), be commenced immediately upon entry of the Scheduling Order and completed [not propounded] within twelve (12) months thereafter.  Defendants request that

merits discovery be commenced after the Court enters a decision on their motions to dismiss the Amended Complaint and completed [not propounded] within nine (9) months thereafter or ninety (90) days after the Court rules on Plaintiff's motion for class certification, whichever is later, and that all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), be completed within four (4) months thereafter.  Pursuant to Fed. R. Civ. P. 26(a)(1)(C), Defendants object to providing Rule 26(a) initial disclosures at this time.

### c.  Phased Discovery

Plaintiff, Webloyalty, and Visa agree that discovery should be conducted in a merits phase and an expert phase.  Plaintiff proposes that merits discovery be completed within nine (9) months after the commencement of all discovery.  Defendants propose that the parties initially conduct class discovery and that Plaintiff file a motion for class certification within sixty (60) days after the initial production of documents by Plaintiff and all Defendants, which initial production shall be limited to issues relating to class certification, with a schedule for further briefing on class certification to be determined based on Plaintiff's motion and whether Defendants need any further discovery to respond to it.  Recognizing that third party discovery often takes more time than party discovery, defendants propose that the parties be permitted to take third party discovery on the merits during the initial class discovery period.  Defendants further propose that that merits discovery be completed within nine (9) months after the commencement of discovery or ninety (90) days after the Court rules on Plaintiff's motion for class certification, whichever is later, and that following the completion of merits discovery there be a four (4) month period for expert discovery as further described below.

### d.  Depositions

Prior to the production of documents, Plaintiff is unable to determine the exact number of

- 13 -

depositions that will be required.  At this time, however, Plaintiff believes he will require more than ten (10) depositions of fact witnesses.  Defendants also may require more than ten (10) depositions of fact witnesses.  Plaintiff, Webloyalty, and Visa agree that they will meet and confer further in good faith regarding the total number of depositions that may be taken by each party beyond those provided in Federal Rule of Civil Procedure 30(a)(2) after Plaintiff's and Defendants' initial production of documents.  The depositions of fact witnesses will commence after Plaintiff's and all Defendants' initial production of documents, except Defendants' propose that depositions related to class certification issues may be taken at any time after the commencement of discovery.

### e.        Interrogatories

Plaintiff anticipates that he will require more than 25 interrogatories at this time. Defendants may require more than 25 interrogatories.  Plaintiff, Webloyalty, and Visa agree to meet and confer further in good faith regarding the total number of interrogatories that may be propounded by each party beyond those provided in Federal Rule of Civil Procedure 33(a)(1) after Plaintiff's and Defendants' initial production of documents.

### f.        Experts

Plaintiff, Webloyalty, and Visa intend to call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) one month after completion of merits discovery.   Plaintiff proposes that Defendants designate all trial experts and provide Plaintiff's counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) one month thereafter.  Plaintiff further proposes that depositions of all experts will be completed one month thereafter.  Defendants propose that, after Plaintiff designates all trial experts and provide opposing counsel with reports

US1DOCS 7780333v1

from retained experts pursuant to Fed. R. Civ. P. 26(a)(2), depositions of any such Plaintiff experts will be completed two months thereafter.  Defendants propose that they will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) two months after receipt of reports from experts retained by Plaintiff. Defendants further propose that depositions of such Defendants' experts will be completed one month thereafter.

### g.      **Damages Analysis**

Plaintiff proposes to provide a damages analysis consistent with the deadline for producing expert reports.  Defendants propose that Plaintiff provide a complete damages analysis within five months after the commencement of discovery, so that Defendants have an opportunity to conduct any necessary merits discovery concerning Plaintiff's damages claims within the periods provided for merits and expert discovery.

### h.      **Preservation and Disclosure of Electronic Records**

Undersigned counsel have informally discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  Pursuant to Federal Rule of Civil Procedure 26(f)(3), the parties are negotiating an agreement governing the protocol in which electronically stored information will be disclosed, which will address some or all of the foregoing issues.  Discovery of electronically stored information will be addressed in the parties' respective discovery requests, as well as their Rule 26(a) initial disclosures.

- 15 -

### i.      Procedures Regarding Privileged Materials

Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  If necessary, the parties will negotiate a stipulation that will address these issues.

**F.**    ***Dispositive Motions.***  The parties agree that any motions for summary judgment should be filed whenever appropriate but in no event later than thirty (30) days after the close of all merits and expert discovery.  Oppositions shall be filed within thirty (30) days after receipt of such motions, and Replies shall be filed within 15 days after receipt of any Opposition.

**G.**    ***Joint Trial Memorandum.***  Plaintiff requests that the Joint Trial Memorandum be filed ninety (90) days after the close of all discovery.  Defendants request that the Joint Trial Memorandum be filed sixty (60) days after the Court's entry of a decision on all motions for summary judgment.

## VI.   Trial Readiness:

Plaintiff requests that the case be ready for trial thirty (30) days after filing of the Joint Trial Memorandum.  Defendants propose that the case be ready for trial within  one hundred twenty (120) days following the Court's ruling on all motions for summary judgment.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

US1DOCS 7780333v1

Dated:  December 3, 2010                    Respectfully submitted,


                                            /s/  James E. Miller_____
                                            James E. Miller  (ct21560)
                                            Patrick A. Klingman (ct17813)
                                            Shepherd, Finkelman, Miller & Shah, LLC
                                            65 Main Street
                                            Chester, CT   06412
                                            Telephone:  (860) 526-1100
                                            Facsimile:   (860) 526-1120
                                            jmiller@sfmslaw.com
                                            pklingman@sfmslaw.com


                                            Joseph H. Weiss
                                            David C. Katz
                                            WEISS & LURIE
                                            551 Fifth Avenue
                                            New York, NY   10538
                                            Telephone:  (212) 682-3025
                                            Facsimile:   (212) 682-3010
                                            jweiss@weisslurie.com
                                            dkatz@weisslurie.com

                                            *Attorneys for Plaintiff*


                                            /s/ James E. Nealon_____
                                            James E. Nealon (ct08161)
                                            KELLEY DRYE & WARREN LLP
                                            400 Atlantic Street
                                            Stamford, CT   06901
                                            Telephone: (203) 324-1400
                                            Facsimile: (203) 327-2669
                                            jnealon@kelleydrye.com

                                            *Attorneys for Defendant Webloyalty*

US1DOCS 7780333v1

James W. Prendergast
John J. Regan
Daniel M. Esrick
Niki Z. Moore
Anant Saraswat
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA   02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000
james.prendergast@wilmerhale.com
john.regan@wilmerhale.com
daniel.esrick@wilmerhale.com
anant.saraswat@wilmerhale.com

*Of Counsel to Defendant Webloyalty*


/s/ Jonathan B. Orleans_____
Jonathan B. Orleans (ct05440)
PULLMAN & COMLEY LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT   06601-7006
Telephone:  (203) 330-2129
Facsimile:  (203) 576-8888
jborleans@pullcom.com

Robert C. Mason (phv04322)
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY   10022-4690
Telephone:  (212) 715-1088
Facsimile:  (212) 715-1399
robert.mason@aporter.com

- 18 -

Matthew A. Eisenstein (phv04321)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC   20004-1206
Telephone:  (202) 942-5000
Facsimile:   (202) 942-5999
matthew.eisenstein@aporter.com

*Attorneys for Defendant Visa Inc.*

US1DOCS 7780333v1