UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| L.S., a minor, by P.S., his parent and next friend, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>WEBLOYALTY.COM, INC., GAMESTOP CORPORATION and VISA INC.,<br><br>　　　　　　　　Defendants. | Case No. 10-CV-01372 (CSH)<br><br><br><br><br><br><br><br>December 23, 2010 |

**DEFENDANT VISA INC.'S MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Visa Inc. ("Visa") hereby moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Amended Complaint as against Visa in its entirety and with prejudice because it fails to state a claim against Visa upon which relief can be granted. In addition to the claim asserted in his prior Complaint — that Visa aided and abetted the other defendants (Count XII of the Amended Complaint) — plaintiff now also asserts that Visa violated the federal Electronic Funds Transfer Act (Count III), was unjustly enriched (Count IV), made negligent misrepresentations (Count VIII), violated the Connecticut Unfair Trade Practices Act (Count XI), and engaged in a civil conspiracy (Count XIV). Those claims against Visa should be dismissed because:

　　(1)  All of plaintiff's claims depend on his allegations that, after making an on-line purchase from defendant GameStop, he unwittingly purchased a rewards program from defendant Webloyalty, and was injured by paying charges for that program. Thus, if the Court

ORAL ARGUMENT IS REQUESTED

grants the motions to dismiss of Webloyalty and GameStop on the ground that plaintiff consented to the purchase and charges, all of plaintiff's claims against Visa likewise should be dismissed for lack of any injury. Moreover, to the extent that the Court dismisses on any ground a claim that Webloyalty or GameStop violated the law, plaintiff's claim that Visa aided and abetted such a violation must also be dismissed.

(2) Plaintiff does not identify any provision of the Electronic Funds Transfer Act, 15 U.S.C. § 1693a *et seq.*, that Visa supposedly violated. In addition, neither that Act, which plaintiff asserts that Webloyalty violated, nor the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, which plaintiff asserts that Webloyalty and GameStop both violated, imposes liability for aiding and abetting.

(3) The Connecticut statute under which plaintiff seeks civil damages for asserted theft by Webloyalty and GameStop, Conn. Gen. Stat. § 52-564, does not provide for damages against aiders and abettors. Nor does plaintiff allege that Visa received any proceeds of the asserted theft that could be sought as damages under that statute in any event.

(4) Plaintiff fails to allege any wrongful payment from him to Visa for which he could obtain restitution from Visa under an unjust enrichment theory. Nor does Connecticut case law appear to have recognized a cause of action for aiding and abetting the unjust enrichment or money had and received of other parties.

(5) Plaintiff does not allege that Visa made any false statement to him on which he relied, upon which he could base a claim for negligent misrepresentation against Visa. Moreover, there appears to be no Connecticut appellate court decision recognizing a claim for aiding and abetting the negligent misrepresentation or fraud of other parties (here, Webloyalty and GameStop). But if such a claim were to be recognized, at a minimum it would require plaintiff to allege that Visa knew of, and substantially assisted in, Webloyalty's purportedly

deceptive pop-up advertisement to plaintiff and GameStop's purported billing misrepresentations to plaintiff.  Plaintiff alleges no such facts.

(6)  Plaintiff similarly alleges no facts to support his claim that Visa violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*.  Moreover, that Act does not by its terms provide for aider or abettor liability, and even if the Act were construed to impose such liability, plaintiff alleges no facts that could establish such a claim against Visa.

(7)  Plaintiff fails to state a claim for civil conspiracy against Visa because he alleges no facts that could establish that Visa entered into an agreement with the other defendants.

Visa's Memorandum of Law in support of this motion has been filed herewith.

                                              Respectfully submitted,

                                              _____/s/_____
                                              Jonathan B. Orleans (ct05440)
                                              PULLMAN & COMLEY LLC
                                              850 Main Street
                                              P.O. Box 7006
                                              Bridgeport, CT   06601-7006
                                              Telephone:  (203) 330-2129
                                              Facsimile:  (203) 576-8888
                                              jborleans@pullcom.com

                                              Robert C. Mason (phv4322)
                                              ARNOLD & PORTER LLP
                                              399 Park Avenue
                                              New York, NY   10022-4690
                                              Telephone:  (212) 715-1000
                                              Facsimile:  (212) 715-1399
                                              robert.mason@aporter.com

        Matthew A. Eisenstein (phv4321)
        ARNOLD & PORTER LLP
        555 Twelfth Street, N.W.
        Washington, DC   20004-1206
        Telephone:  (202) 942-5000
        Facsimile:   (202) 942-5999
        matthew.eisenstein@aporter.com

        Attorneys for Defendant Visa Inc.

## CERTIFICATION OF SERVICE

This is to certify that on this 23d day of December, 2010, a copy of the foregoing **DEFENDANT VISA INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT** was filed electronically, and served by mail on any party or counsel unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.


Dated:  December 23, 2010                    /s/
                                     Jonathan B. Orleans (ct05440)


ACTIVE/72868.2/JORLEANS/2333443v1