# EXHIBIT B

**Exhibit B**

**Inaccurate Allegations on which Amended Complaint is Based**

| Relevant ¶ of Amended Complaint | Purported "Factual" Allegations | Reasons Not Accurate |
|---|---|---|
| ¶1 | Webloyalty's customers "do not know who Webloyalty is; what Webloyalty sells; or know how Webloyalty obtained their name and credit card or debit card number." | *Not true.* The Webloyalty Enrollment Page repeatedly discloses the name of the Program – Shopper Discounts & Rewards – and clearly discloses that the Program is "presented by Webloyalty" and is "not affiliated with the participating merchants" such as GameStop. (*See* Winiarski Aff.. Ex. A (Enrollment Page).

The Webloyalty Enrollment Page also repeatedly discloses that Webloyalty sells rewards programs such as Shopper Discounts & Rewards and that Webloyalty will obtain customers' names and credit or debit card numbers only after customers enter their billing information and affirmatively consent to having the information transferred to Webloyalty. (*See* Winiarski Aff., Ex. A (Enrollment Page)). |
| ¶2 | Webloyalty and its partners use a "data-pass" to transmit "a customer's full credit or debit cardholder's number and billing information from one merchant to another without the credit or debit cardholder's meaningful consent." | *Not true.* The Webloyalty Enrollment Page required the Plaintiff to re-enter the last four digits of his debit card number, enter his email address twice and click on the "YES" button to ensure that the Plaintiff understood he was completing a separate commercial transaction. (*See* Winiarski Aff., Ex. B ("Disclosure Chart") No. 6). |
| ¶3 | "E-tailer customers are deceived during the completion of an online e-tailer transaction when a pop-up window appears that looks similar to pages on the e-tailer site and offers the e-tailer customer a coupon or cash back on his next purchase." | *Not true.* The Plaintiff did not see a Webloyalty pop-up window during the completion of his transaction with GameStop. Rather, after he had completed his GameStop transaction, a Webloyalty banner advertisement was included on the GameStop purchase confirmation page. (*See* Winiarski Aff., Ex. D (referring to "pob" as the solicitation type, which means "post- |

| | | |
|---|---|---|
| | | order banner."). <br><br> In addition, the Webloyalty Enrollment Page repeatedly discloses the name of the Program – Shopper Discounts & Rewards – and clearly discloses that the Program is "presented by Webloyalty" and is "not affiliated with the participating merchants" such as GameStop. (*See* Winiarski Aff.. Ex. A (Enrollment Page). |
| ¶3 | *"The e-tailer customer is intentionally led to believe that the coupon or cash back reward is offered by the e-tailer for his next purchase with that same e-tailer. The e-tailer customer is misleadingly led to believe it is necessary to click where indicated to complete his intended purchase with the e-tailer."* | <u>**Not true.**</u>  The Webloyalty Enrollment Page repeatedly discloses the name of the Program – Shopper Discounts & Rewards – and clearly discloses that the Program is "presented by Webloyalty," and is "not affiliated with the participating merchants" such as GameStop. <br><br> In addition, nothing on the Webloyalty Enrollment Page indicates that Plaintiff had to re-enter his debit card number or enter his email information to complete his purchase. Several disclosures on and in close proximity to the Coupon indicate that the coupon is for the consumers' "next" purchase.  The only logical inference is that the GameStop purchase is complete.  *See In Re Vistaprint Corp Marketing And Sales Practices Litigation*, 2009 WL 2884727(S.D.Tex. 2009) (" It is clear from this language that the purchase has already been "made" by the time or the survey request and the cash back offer to the consumer.  There is no contradictory language on the webpage.") , *aff'd Bott v. Vistaprint USA, Inc.,* No. 09-20648, slip op., 2010 WL 3303692 (C.A.5 (Tex.) 2010).  In addition, there is a "No Thanks" link that the consumer can choose without entering any email or address information.  (*See* Winiarski Aff., Ex. A (Enrollment Page). |
| ¶ 22 | *When Plaintiff purchased a video game from GameStop.com in November 2009, "Plaintiff was* | <u>**Not true.**</u>  The Webloyalty Enrollment Page repeatedly discloses the name of the Program – Shopper Discounts & Rewards – |

- 2 -

| | | |
|---|---|---|
| | *entirely unaware that he had enrolled with Webloyalty for any purported service."* | and clearly discloses that the Program is "presented by Webloyalty," and is "not affiliated with the participating merchants" such as Gamestop. (*See* Winiarski Aff., Ex. A (Enrollment Page)). |
| | | Moreover, there are 7 billing disclosures on the Enrollment Page itself, which is later followed by delivery of other emails to the consumer with additional billing disclosures. So, the consumer knows of the billing, and has a chance to cancel, well before any charge is ever posted to a credit/debit card account. (*See* Disclosure Chart Nos. 1-7). Moreover, Plaintiff was required to consent affirmatively to the transaction by re-entering the last 4 digits of his credit card number, entering his email address twice, and clicking "YES." (*See* Disclosure Chart Nos. 1-7). |
| | | In addition, Plaintiff's transaction and sale confirmation with GameStop was complete and confirmed before Webloyalty's Enrollment Page was displayed. (*See* Winiarski Aff., Ex. A (Enrollment Page) (referring to Plaintiff's "***next*** Gamestop purchase!") (emphasis added). |
| ¶ 23 | *Plaintiff was entirely unaware of who Webloyalty or Shopper Discounts are.* | <u>**Not true.**</u> The Webloyalty Enrollment Page repeatedly discloses the name of the Program – Shopper Discounts & Rewards – and clearly discloses that the Program is "presented by Webloyalty," and is "not affiliated with the participating merchants" such as Gamestop. (*See* Winiarski Aff., Ex. A (Enrollment Page)). |
| ¶ 24 | *Plaintiff did not consent to being charged for any service offered by Webloyalty or Shopper Discounts.* | <u>**Not true.**</u> The Plaintiff clearly consented to being charged for Webloyalty's services. He was, in fact, required to consent affirmatively to the transaction by re-entering the last 4 digits of his debit card number, entering his email address twice, and clicking "YES." (*See* Disclosure Chart |

- 3 -

| | | No. 6). |
|---|---|---|
| ¶27 | *Plaintiff did not intend for GameStop to pass his debit card and other personal information to Webloyalty.* | <u>**Not true**</u>. The Plaintiff acknowledged that he authorized the data pass when he re-entered the last 4 digits of his debit card number, entered his email address twice, and clicked "YES." (*See* Disclosure Chart No. 6). |
| ¶33 | *"Webloyalty inserted a pop-up advertisement into the "post-transaction" phase for online purchases, i.e., after Plaintiff and other customers made a purchase but before they completed the sale confirmation process . . . The advertisement contains misleading "yes" or "continue" buttons, causing consumer to reasonably believe that they are completing the original transaction, rather than entering into a new, ongoing financial relationship with Webloyalty entirely separate from the one they intended with GameStop.* | <u>**Not true.**</u> The Plaintiff did not see a Webloyalty pop-up window during the completion of his transaction with GameStop. Rather, after he had completed his GameStop transaction, a Webloyalty banner advertisement was included on the GameStop purchase confirmation page. (*See* Winiarski Aff., Ex. D (referring to "pob" as the solicitation type, which means "post-order banner."); Winiarski Aff., Ex. A (Enrollment Page) (referring to Plaintiff's "***next*** Gamestop purchase!") (emphasis added).<br><br>The Webloyalty Enrollment Page repeatedly discloses the name of the Program – Shopper Discounts & Rewards – and clearly discloses that the Program is "presented by Webloyalty," and is "not affiliated with the participating merchants" such as GameStop. (*See* Winiarski Aff., Ex. A (Enrollment Page)).<br><br>In addition, nothing on the Webloyalty Enrollment Page indicates that Plaintiff had to re-enter his debit card number or enter his email information to complete his purchase. Several disclosures on and in close proximity to the Coupon indicate that the coupon is for the consumers' "next" purchase. The only logical inference is that the GameStop purchase is complete. *See In Re Vistaprint Corp Marketing And Sales Practices Litigation*, 2009 WL 2884727(S.D.Tex. 2009) (" It is clear from this language that the purchase has already been "made" by the time or the survey |

- 4 -

| | | request and the cash back offer to the consumer. There is no contradictory language on the webpage.") , *aff'd Bott v. Vistaprint USA, Inc.,* No. 09-20648, slip op., 2010 WL 3303692 (C.A.5 (Tex.) 2010). In addition, there is a "No Thanks" link that the consumer can choose without entering any email or address information. (*See* Winiarski Aff., Ex. A (Enrollment Page). |
|---|---|---|
| ¶44 | *The Commerce Committee also found that the "data pass" was a central element to Webloyalty's trickery. "Instead of requiring the consumer to enter this billing information a second time to confirm acceptance of this new offer, the retailer will pass the consumer's credit card and billing information to the third party once the consumer has provided information the third party company regards as 'proof of enrollment,' such as an e-mail address."* | <u>*Not true*</u>. In order to enroll in Webloyalty's Shopper Discounts & Rewards Program, Plaintiff had to re-enter the last four digits of his debit card number, enter his email address, verify that email address by entering it again, and the colored "YES" button, attesting that "[he] ha[s] read and agree to the Offer and Billing Details [which appear immediately to the left of this attestation] and authorize[s] Gamestop to securely transfer [my] name, address and credit or debit card information to Shopper Discounts & Rewards for billing after [my] 30 day FREE trial." (*See* Disclosure Chart No. 7). |
| ¶102 | *Webloyalty has accessed and received payments from the credit and debit card accounts of Plaintiff and the Class without authorization and thus knowingly received a benefit from Plaintiff and the Class.* | <u>*Not true*</u>. Plaintiff's authorization was obtained by re-entry of the last 4 digits of his debit card number, entry of his email address twice, and clicking the "YES" button, preceded by the authorization disclosures on the Enrollment Page. (*See* Disclosure Chart Nos. 1-7). |
| ¶115 | *Webloyalty and GameStop explicitly or implicitly made false representations and statements of existing fact by being silent and omitting to disclose to Plaintiff and the Class the following material facts, among others, which Webloyalty and Amazon.com made with the intent to deceive Plaintiff and the Class: (a) that, by clicking on a pop-up window or* | <u>*Not true.*</u> The Webloyalty Enrollment Page repeatedly discloses the name of the Program – Shopper Discounts & Rewards – and clearly discloses that the Program is "presented by Webloyalty," and is "not affiliated with the participating merchants" such as GameStop. (*See* Winiarski Aff., Ex. A (Enrollment Page)).<br><br>Moreover, there are 7 billing disclosures on the Enrollment Page itself, which is later |

- 5 -

| | | followed by delivery of other emails to the consumer with additional billing disclosures. So, the consumer knows of the billing, and has a chance to cancel, well before any charge is ever posted to a credit/debit card account. (*See* Disclosure Chart Nos. 1-7). Moreover, Plaintiff was required to affirmatively consent to the transaction by re-entering the last 4 digits of his debit card number, entering his email address twice, and clicking "YES." (*See* Disclosure Chart Nos. 1-7). |
|---|---|---|
| | *advertisement designed by Webloyalty while completing a transaction with Amazon.com and other on-line retailers, the billing information of Plaintiff and members of the Class would be automatically transmitted by Amazon.com and other on-line retailers to Webloyalty, or would be made available for Webloyalty to intercept.; (b) that Webloyalty would automatically charge Plaintiff and the Class a monthly fee for Webloyalty's membership programs, including the Shopper Discounts program; (c) that Webloyalty's Shopper Discounts program provides no benefit to Plaintiff and the Class . . . .* | |
| ¶129 | *Webloyalty, pursuant to an agreement with GameStop, posted an advertisement that would pop-up while Plaintiff and the Class were in the process of completing a financial transaction with GameStop. That pop-up advertisement was designed to appear to be part of the transaction completion process with GameStop, though both Webloyalty and GameStop knew it was not, and was intended to deceive GameStop customers into being improperly charged by Webloyalty, and causing those customers to incur an unexpected and unwanted charge for a service of which they were unaware and for which they did not provide meaningful consent. Moreover, the advertisement itself was deceptive and hid the terms and conditions upon which the customer would be enrolled in the Webloyalty program. Plaintiff and the Class were deceived by Webloyalty and* | ***Not true.*** The Webloyalty Enrollment Page repeatedly discloses the name of the Program – Shopper Discounts & Rewards – and clearly discloses that the Program is "presented by Webloyalty," and is "not affiliated with the participating merchants" such as Gamestop. (*See* Winiarski Aff., Ex. A (Enrollment Page)).<br><br>Moreover, there are 7 billing disclosures on the Enrollment Page itself, which is later followed by delivery of other emails to the consumer with additional billing disclosures. So, the consumer knows of the billing, and has a chance to cancel, well before any charge is ever posted to a credit/debit card account. (*See* Disclosure Chart Nos. 1-7). Moreover, Plaintiff was required to affirmatively consent to the transaction by re-entering the last 4 digits of his credit card number, entering his email address twice, and clicking "YES." (*See* Disclosure Chart No. 6).<br><br>Finally, nothing on the Webloyalty Enrollment Page indicates that Plaintiff had |

- 6 -

| | | |
|---|---|---|
| | *GameStop's conduct.* | to re-enter his debit card number or enter his email information to complete his purchase. Several disclosures on and in close proximity to the Coupon indicate that the coupon is for the consumers' "next" purchase. The only logical inference is that the GameStop purchase is complete. *See In Re Vistaprint Corp Marketing And Sales Practices Litigation*, 2009 WL 2884727(S.D.Tex. 2009) (" It is clear from this language that the purchase has already been "made" by the time or the survey request and the cash back offer to the consumer. There is no contradictory language on the webpage.") , *aff'd Bott v. Vistaprint USA, Inc.,* No. 09-20648, slip op., 2010 WL 3303692 (C.A.5 (Tex.) 2010). In addition, there is a "No Thanks" link that the consumer can choose without entering any email or address information. (*See* Disclosure Chart No. 6). |
| ¶139 | *Plaintiff and the Class relied on Webloyalty's and GameStop's misrepresentations and omissions and were damaged thereby when unauthorized charges were made to their credit and debit card accounts. Webloyalty provided no service, product or meaningful benefit to Plaintiff and the Class that could justify the imposition of any such charge upon them. Webloyalty, thus, profited by defrauding Plaintiff and the Class. GameStop likewise benefitted by defrauding Plaintiff and the Class by collecting a bounty and other remuneration for each customer deceived by Webloyalty. These bounties and other remuneration constituted 100% profit for GameStop.* | **<u>Not true.</u>**  There are 7 billing disclosures on the Enrollment Page itself, which is later followed by delivery of other emails to the consumer with additional billing disclosures. So, the consumer knows of the billing, and has a chance to cancel, well before any charge is ever posted to a credit/debit card account. (*See* Disclosure Chart Nos. 1-7). Moreover, Plaintiff was required to affirmatively consent to the transaction by re-entering the last 4 digits of his credit card number, entering his email address twice, and clicking "YES." (*See* Disclosure Chart No. 6).<br><br>Finally, nothing on the Webloyalty Enrollment Page indicates that Plaintiff had to re-enter his debit card number or enter his email information to complete his purchase. Several disclosures on and in close proximity to the Coupon indicate that the coupon is for the consumers' "next" purchase. The only logical inference is that the GameStop purchase is complete. *See In* |

|  |  | *Re Vistaprint Corp Marketing And Sales Practices Litigation*, 2009 WL 2884727(S.D.Tex. 2009) (" It is clear from this language that the purchase has already been "made" by the time or the survey request and the cash back offer to the consumer. There is no contradictory language on the webpage.") , *aff'd Bott v. Vistaprint USA, Inc.,* No. 09-20648, slip op., 2010 WL 3303692 (C.A.5 (Tex.) 2010). In addition, there is a "No Thanks" link that the consumer can choose without entering any email or address information. (*See* Disclosure Chart No. 6). |
|---|---|---|