# EXHIBIT A

**ORIGINAL**

```
 1                UNITED STATES DISTRICT COURT
 2               SOUTHERN DISTRICT OF CALIFORNIA
 3                         --oOo--
 4  PATRICK BERRY,              )  Case No. 10CV1358-H(CAB)
                                )
 5           Plaintiff,          )  San Diego, California
                                )
 6  vs.                          )  Monday,
                                )  November 15, 2010
 7  WEBLOYALTY.COM, INC., et al.,)  10:30 a.m.
                                )
 8           Defendants.         )
                                )
 9  _____)
10              TRANSCRIPT OF MOTION HEARING
           BEFORE THE HONORABLE MARILYN L. HUFF
11              UNITED STATES DISTRICT JUDGE
12  APPEARANCES:
13  For Plaintiff Berry:         JAMES R. PATTERSON, ESQ.
                                 Harrison, Patterson &
14                                  O'Connor, LLP
                                 402 West Broadway
15                               29th Floor
                                 San Diego, California 92101
16                               (619) 756-6990
17  For Defendant                JAMES W. PRENDERGAST, ESQ.
      Webloyalty.com:            JOHN J. REGAN, ESQ.
18                               Wilmer Hale
                                 60 State Street
19                               Boston, Massachusetts 02109
                                 (617) 526-6181
20
    Transcript Ordered by:       JAMES W. PRENDERGAST, ESQ.
21
22
23
24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

*Echo Reporting, Inc.*

```
                                                                    ii
 1  APPEARANCES: (Cont'd.)

 2  For Defendant
      Movietickets.com:         CARRIE M. ANDERSON, ESQ.
 3                              Weil, Gotshal & Manges, LLP
                                1300 Eye Street, Northwest
 4                              Suite 900
                                Washington, DC 20005
 5                              (202) 682-7000

 6                              BRUCE A. COLBATH, ESQ.
                                Weil, Gotshal & Manges, LLP
 7                              767 Fifth Avenue
                                New York, New York 10153
 8                              (212) 310-8590

 9  Court Recorder:             Lynette Lawrence
                                United States District Court
10                              940 Front Street
                                San Diego, California 92101
11
    Transcriber:                Dee Gregory
12                              Echo Reporting, Inc.
                                6336 Greenwich Drive, Suite B
13                              San Diego, California 92122
                                (858) 453-7590
14

15

16

17

18

19

20

21

22

23

24

25
```

1  Webloyalty.
2         THE COURT: I know but now it sure looks like he
3  wasn't. It sure looks like it's right on that -- and are
4  they -- so the real issue is: Are they just making all that
5  up?
6         MR. PATTERSON: Your Honor, can we take a step
7  back for a moment? I want to be sure that the Court is
8  aware of this. It hasn't come out today, it certainly
9  didn't come up in the motion to dismiss.
10        But Movietickets and Webloyalty are the direct
11 targets of the United States Senate investigation into their
12 deceptive practices. That investigation recently concluded
13 this year. Both of them, Movietickets and Webloyalty, are
14 direct targets. They were directly investigated by Senator
15 Rockefeller and his subcommittee.
16        The conclusion of the Senate -- after reviewing
17 100,000-plus documents that Webloyalty provided and
18 interviewing many, many, many witnesses -- was that
19 Webloyalty has a two-step business process. One, use
20 deceptive sales tactics to improperly charge consumers'
21 credit cards for services Webloyalty knew they did not
22 intend to purchase, and two, after consumers discover the
23 unauthorized charges, refund as little money as possible.
24        The Senate's conclusion was that Webloyalty's goal
25 was not to provide services --

1   THE COURT: But that's --
2   MR. PATTERSON: -- but rather to charge consumers
3 for as many months as possible before they discovered their
4 memberships and cancelled them.
5   THE COURT: But that's not binding on this Court.
6 It's a political report based on a different branch of the
7 government with different interests. Obviously, they want
8 to make sure that -- they're not focused on necessarily the
9 law. They may take the broader public policy view and say:
10 You know what, there are some people that are just gullible
11 here and maybe we should encourage them politically to make
12 more refunds, do some other steps.
13   That said, they may not be the same as whether
14 your client, Mr. Berry, who has a screen shot that appears
15 to show that he consented to this, legally can state a claim
16 for fraud and class action in court.
17   They're two different interests, could be.
18   MR. PATTERSON: But, your Honor, I'm not asking
19 the Court to take as true the findings of the United States
20 Senate Committee. What I'm asking the Court to do is to
21 give Berry the discovery that would allow us to review the
22 same information and documents and make the exact same
23 showing to the Court and ultimately to the jury.
24   THE COURT: That's not what happens -- that's not
25 the way it goes. You have to state a claim -- so -- you

have to state a claim before discovery goes forward under the rules.

You, on Rule 11 grounds, have an obligation to say: Are these documents, documents that he signed or didn't sign? You're just saying: Oh, I don't know.

So I think the defense makes a pretty good argument, considering the district courts that have reviewed that. Some say, like I had preliminarily said: Well, maybe there are facts in dispute so let's let it go forward.

Of course, the "Let's let it go forward" means a potential class action with huge discovery and MDL and a lot of that. Or courts have also reasonably taken the position: Well, there's nothing to dispute here, so if he signed, there's no fraud.

MR. PATTERSON: Well, there's four decisions, your Honor.

There's Judge Anello's recent decision wherein he determined that the -- it was improper to take judicial notice of the documents but he -- but he --

THE COURT: Judge Anello is a District Court -- who has been a District Court judge for less than a year. So I respect him. He's been a state court judge but that doesn't mean that is binding on me.

I'm saying the District judges have just simply said: Okay. In this instance, I'm not going to. In this