UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| L.S., a minor, by P.S., his parent and next friend, on behalf of himself and all others similarly situated, | ) ) ) |
| | ) Case No. 3:10-cv-01372 (CSH) |
| Plaintiff, | ) ) |
| v. | ) ) |
| WEBLOYALTY.COM, INC., GAMESTOP CORPORATION and VISA INC., | ) ) ) |
| Defendants. | ) March 17, 2011 ) |

PLAINTIFF'S MEMORANDUM
IN SUPPORT OF THE MOTION TO STRIKE

Joseph H. Weiss
David C. Katz (pvh04500)
WEISS & LURIE
1500 Broadway
New York, New York 10036
(212) 682-3025
(212) 682-3010 (Facsimile)
jweiss@weisslurie.com
dkatz@weisslurie.com

James E. Miller (ct21560)
Patrick A. Klingman (ct17813)
Karen Leser-Grenon (ct23587)
Shepherd, Finkleman, Miller & Shah LLP
65 Main Street
Chester, CT 06412
(860) 526-1100
(860) 526-1120 (Facsimile)
jmiller@sfmslaw.com
Pklingman@sfmslaw.com
Kleser@sfmslaw.com

His Counsel

ORAL ARGUMENT REQUESTED

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.       THE PIPKIN DECLARATION AND WINIARSKI DECLARATION,
        TOGETHER WITH THE DOCUMENTS ATTACHED THERETO,
        MUST BE STRICKEN FROM THE RECORD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.       The Pipkin Declaration Must Be Stricken. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

                1.       The so-called "Acknowledgement Page" must be stricken. . . . . . . . . . . . 3

                2.       The so-called "Join Email" Must Be Stricken. . . . . . . . . . . . . . . . . . . . . . 5

        B.       The Declaration Of Richard Winiarski Must Be Stricken. . . . . . . . . . . . . . . . . . . 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Plaintiff L.S., by his parent and next friend, P.S., through his counsel, respectfully submits this Memorandum of Law in Support of Plaintiff's Motion to Strike.

## PRELIMINARY STATEMENT

Plaintiff alleges in his Amended Complaint (the "Complaint") that Webloyalty.com, Inc. ("Webloyalty"), in conspiracy with GameStop Corporation ("GameStop"), engaged in, among other things, fraudulent, misleading, and/or unlawful business practices by systematically and unilaterally enrolling innocent consumers into fee-based membership programs without their consent. In their joint motion to dismiss, Webloyalty and GameStop have filed declarations attaching internal Webloyalty documents not attached or incorporated into the Complaint. In support of their opening brief, they filed the Declaration of Richard Winiarski ("Winiarski Declaration") (Dkt. No. 40), which attaches, among other things, the purported "Enrollment Page," and a purported account statement of plaintiff. In support of their reply brief, Defendants filed the Declaration of Meghan Pipkin ("Pipkin Declaration") (Dkt. No. 50), which attaches the so-called "Acknowledgement Page," and "Join Email." Defendants seek to have the Court consider the documents attached to the Winiarski Declaration pursuant to a request for judicial notice and state no basis for consideration of the documents attached to the Pipkin Declaration.

It is undisputed that these documents are not in plaintiff's possession, and the imposition of a discovery stay – upon defendants' application (see Dkt. Nos. 30, 31) – has prevented plaintiff from receiving other relevant documents in defendants' possession or otherwise exploring the facts relevant to the documents defendants have selectively chosen to submit to the Court in support of their motion to dismiss. Plaintiff submits that it is utterly unfair and contrary to the tenets for consideration of a motion to dismiss for defendants to selectively trot out documents in support of their arguments while concealing other relevant documents in their

possession.  The use of the discovery stay they sought as both a sword and a shield is inherently prejudicial and unfair to plaintiff and must not be condoned by the Court.

## ARGUMENT

**I.   THE PIPKIN DECLARATION AND WINIARSKI DECLARATION, TOGETHER WITH THE DOCUMENTS ATTACHED THERETO, MUST BE STRICKEN FROM THE RECORD**

Subject to certain exceptions, none of which are applicable in this case, the Court is "normally required to look only to the allegations on the face of the complaint" when adjudicating a motion to dismiss.  Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). Accordingly, the Court generally cannot consider declarations and exhibits on a motion to dismiss unless they are attached to, incorporated by reference in, or integral to, the complaint.  Id. It is well-settled that if the parties present evidence outside the pleadings, under Federal Rule of Civil Procedure 12(d), the Court may consider such evidence only if the motion to dismiss is converted to a motion for summary judgment.  Kopec v. Coughlin, 922 F.2d 152, 153 (2d Cir. 1991).  One limited exception arises where an "undisputed" document can be considered as "incorporated by reference" into a pleading.  Roth, 489 F.3d at 599.  This "is a narrow exception [and] is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998).

"Undisputed" in this context means, among other things, that the authenticity of the document is not challenged.  Kneivel v. ESPN, 393 F.3d 1068, 1078 (9th Cir. 2005); Horsely v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).  Here, the documents submitted by Webloyalty are not cited, incorporated in, or integral to the complaint, the authenticity of the documents are not

established, and no ground for the introduction of the documents without providing **any** discovery to plaintiff has been established.

      A.      <u>The Pipkin Declaration Must Be Stricken</u>

Webloyalty purports to authenticate the documents it submits with its reply brief by the Pipkin Declaration. Such a declaration could only be considered if made on personal knowledge,[1] but Ms. Pipkin's Declaration demonstrates that <u>she has no personal knowledge of plaintiff's purported enrollment and membership with Webloyalty</u>. Rather, she claims the basis of her factual assertions is her mere "review of Webloyalty's records regarding the Plaintiff's enrollment and membership...." Webloyalty's counsel's thumbing through the company's records and choosing a few documents therefrom to submit to the Court via the Pipkin Declaration demonstrates nothing but the duplicity and unfairness of Webloyalty's wielding of the discovery stay it sought as both a sword and a shield.

      1.      <u>The so-called "Acknowledgement Page" must be stricken</u>

Defendants attach as Exhibit A to the Pipkin Declaration a document Ms. Pipkin calls the "Acknowledgement Page." Defendants submit the so-called "Acknowledgement Page" in a misguided attempt to establish compliance with the mandate of the Electronic Fund Transfer Act ("EFTA") that "a preauthorized electronic fund transfer from a consumer's account may be authorized only in writing, <u>and a copy of such authorization shall be provided to the consumer when made</u>." 15 U.S.C. § 1693e(a) (emphasis added). Defendants argue in their reply brief that

---

[1] <u>See, e.g.</u>, <u>Mueller v. Towers, Perrin, Forster & Crosby, Inc.</u>, 2010 U.S. Dist. LEXIS 113320, at * 4 (D. Conn. Oct. 25, 2010) ("A court may strike portions of a declaration that are not based on the declarant's personal knowledge, that contain inadmissible hearsay or that make generalized conclusory statements.") citing <u>Hollander v. American Cyanamid Co.</u>, 172 F.3d 192, 198 (2d Cir. 1999).

the official comments to EFTA indicate that the law could be complied with by Webloyalty providing to plaintiff a "confirmation form."  Reply Memorandum in Support of Defendants Webloyalty.com, Inc.'s and GameStop Corporation's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 53) at 5 n. 9 citing 12 C.F.R. Pt. 205, Supp. I, § 10(b) cmt. 4.  However, they utterly fail to inform the Court that a "confirmation form," as discussed in the regulation, must be a "copy" of the "signed" document and must be given to the consumer, pursuant to EFTA, "when made."

      The "Acknowledgment Page," however, is indisputably **not** a copy of the "signed" "Enrollment Page."  Indeed, a comparison of the "Acknowledgement Page" (Pipkin Declaration Exhibit A) with the so-called "Enrollment Page" that Webloyalty claims plaintiff signed (Winiarski Declaration Exhibit A) demonstrates that the "Acknowledgement Page" is not at all a copy of the "signed" "Enrollment Page" and nowhere purports to reflect plaintiff's signature at all.  In violation of any possible ground for admission at the pleading stage of the so-called "Acknowledgement Page," Ms. Pipkin does not assert that the plaintiff would have ever seen that document.  Nor could she possibly do so because it is beyond dispute that the document attached as Exhibit A to her declaration was **never** provided to plaintiff[2] and is certainly not authentic or capable of demonstrating on a motion to dismiss that Webloyalty complied with EFTA by providing plaintiff a copy of the "signed" "Enrollment Page."

---

      [2]The so-called "Acknowledgement Page" provided as Exhibit A to the Pipkin Declaration does not have plaintiff's name, but rather says "FNAME [sic], thanks for joining Shopper Discounts & Rewards."  It provides a "member number" that does not match the so-called "campaign id" by which Webloyalty claimed it could authenticate the so-called "Enrollment Page" submitted by Webloyalty as part of its opening brief.  Pipkin Declaration Exhibit A lists the address of the consumer as "123 Main St., Anywhere, CT," and an email address of "testmember6553_125208@Odonnell.com."  That information is false, as Webloyalty knows.

Pipkin Declaration Exhibit A is a document that was never provided to plaintiff, and is not authentic. It is demonstrably **not** a "confirmation form" within the meaning of EFTA and has been provided to the Court without any attempt to provide the grounds therefor. As such, the document is not just improperly submitted, but entirely immaterial and must be stricken.

### 2. The so-called "Join Email" Must Be Stricken

The so-called "Join Email" attached as Exhibit B to the Pipkin Declaration is, like the "Acknowledgement Page," unauthenticated, immaterial, and has been improperly submitted to the Court without justification. Like the "Acknowledgement Page," it is purportedly submitted to show that Webloyalty complied with EFTA and provided plaintiff a "confirmation copy" of his purported authorization for a fund transfer. However, a comparison of the "Join Email" (Pipkin Declaration Exhibit B) with the "Enrollment Page" (Winiarski Decl. Exh. A) shows that it is not a copy thereof, does not purport to reflect plaintiff's signature, and was demonstrably **not** provided to plaintiff "when made," as required by EFTA. As such, even if it was considered by the Court, it cannot establish, as a matter of law, that Webloyalty complied with EFTA by providing plaintiff with a "copy" of his "signed" preauthorization form "when made."

The so-called "Join Email" is also entirely unauthenticated. Ms. Pipkin admits that she has no personal knowledge of the document, but merely pulled it out of an unidentified group of documents not yet produced in this litigation, presumably at the insistence of counsel. Having no personal knowledge of the email – she does not claim to have drafted it, reviewed it, or sent it – it cannot be considered "undisputed," or otherwise authenticated. In fact, Ms. Pipkin does not attest that plaintiff received any such email.

5

Indeed, it appears the so-called "Join Email" is entirely consistent with the deceptive scheme pled in the Complaint.  Defendants knew that actually providing a consumer with a copy of a "signed" preauthorization form "when made," would defeat their illegal confidence scheme since it would alert a consumer that he entered into a financial transaction when the success of defendants' scheme required that the consumer's purported entry into such a financial transaction go unnoticed – at least until **after** fees were purloined from the consumer.  Thus, the sender of the so-called "Join Email" is listed as "Customer Service IC SDR," which would appear to be nothing more than spam and ignored; and the subject line only references a "membership kit" and does not indicate that it encloses a confirmation copy of a purportedly signed contract.

The so-called "Join Email" is improperly submitted, disputed, not authenticated, and immaterial.  As such, it must be stricken.

    B.  **The Declaration Of Richard Winiarski Must Be Stricken**

Webloyalty submitted the so-called "Enrollment Page" to the Court claiming that plaintiff was "hiding his head in the sand and escaping judicial scrutiny of his claims" by allegedly concealing it from the Court and not attaching it to his Complaint.  Memorandum of Points and Authorities in Support of Defendants Webloyalty.com, Inc.'s and GameStop  Corporation's Request for Judicial Notice at 4.  However, the "evidence" submitted by defendants on their motion to dismiss (Pipkin Declaration Exhs. A and B) demonstrates that, in violation of the law as established by EFTA, **a copy of the "Enrollment Page" was never provided to plaintiff**. Plaintiff never possessed it, and, thus, never "hid his head in the sand," concealed it from the Court or otherwise failed to attach it to his Complaint.  As such, all of defendants' arguments based on those false claims, as well as the "Enrollment Page" must be stricken.

Indeed, Webloyalty was obligated by law to provide plaintiff a signed copy of his purported preauthorization form.  Webloyalty, consistent with the confidence scheme it operated, did not provide any such document to plaintiff or other class members because it would have alerted those consumers to the scheme before charges began to be incurred.  Webloyalty should not be rewarded for its violations of law with procedural short cuts and an improper license to wield the discovery stay it sought as both a sword and shield to selectively and self-servingly provide the Court with documents it unilaterally chooses to support its arguments for dismissal without allowing plaintiff a full and fair opportunity to take discovery of his well-pled claims.

Recently, in <u>In re EasySaver Rewards Litig.</u>, No. 09-CV-2094-MMA (BLM), 2010 WL 3259752, at * 8 (S.D. Cal. Aug. 13, 2010), an action concerning similar factual allegations and legal issues as those before the Court, the court refused to consider similar documents submitted by defendants on their motion to dismiss.  Indeed, the determination of disputed factual issues on defendants' motion to dismiss runs counter to the nature of the adversarial process and the well-established requirements for determination of such motions.  <u>See</u>, <u>e.g.</u>, <u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 267 (3d Cir. 2007) (reversing district court, and holding that "[t]aking a bare 'fact' that is reflected not in the pleadings, but on a corporate website, and then drawing inferences *against* the non-moving party so as to dismiss its well-pleaded claims on the basis of an affirmative defense, takes us, as a matter of process, far too far afield from the adversarial context of litigation"); <u>Brueggeman v. NCOA Select, Inc.</u>, No. 08-80606-CIV, 2009 WL 5218024, at * 3 (S.D. Fla. Dec. 31, 2009) (rejecting defendant's submission because "it requires the Court to make the determination at the pleading stage of the ultimate issue in this case; namely, whether [defendant's internet] advertising actually deceives the consumer") (citations

omitted).  As such, plaintiff respectfully submits that the Winiarski Declaration and Pipkin Declaration, together with the documents attached thereto must be stricken.

## CONCLUSION

For all of the foregoing reasons, plaintiff respectfully requests that the Court enter an order granting the Motion to Strike in its entirety and for such other, further and different relief as the Court deems just, equitable and proper.

Dated: March 17, 2011                                         **The Plaintiff**

/s/ David C. Katz
Joseph H. Weiss
David C. Katz (pvh04500)
WEISS & LURIE
1500 Broadway
New York, New York 10036
(212) 682-3025
(212) 682-3010 (Facsimile)
jweiss@weisslurie.com
dkatz@weisslurie.com

James E. Miller (ct21560)
Patrick A. Klingman (ct17813)
Karen Leser-Grenon (ct23587)
Shepherd, Finkleman, Miller & Shah LLP
65 Main Street
Chester, CT 06412
(860) 526-1100
(860) 526-1120 (Facsimile)
jmiller@sfmslaw.com
Pklingman@sfmslaw.com
Kleser@sfmslaw.com

His Counsel

**CERTIFICATE OF SERVICE**

       In hereby certify that on March 17, 2011, a copy of foregoing Plaintiff's Memorandum in Support of the Motion to Strike was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by the operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

       /s/ David C. Katz
       David C. Katz (pvh04500)
       Weiss & Lurie
       1500 Broadway
       New York, New York 10036
       Phone: (212) 682-3025
       Fax: (212) 682-3010
       dkatz@weisslurie.com