UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| L.S., a minor, by P.S., his parent and next friend, on behalf of himself and all others similarly situated, | ) ) ) ) Case No. 3:10-cv-01372 (CSH) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| WEBLOYALTY.COM, INC., GAMESTOP CORPORATION and VISA INC., | ) ) ) ) |
| Defendants. | ) April 28, 2011 ) |

**PLAINTIFF'S REPLY TO WEBLOYALTY.COM, INC.'S
AND GAMESTOP CORPORATION'S RESPONSE TO
PLAINTIFF'S NOTICE OF ADDITIONAL AUTHORITY**

Plaintiff L.S., by P.S., his parent and next friend, through his counsel, respectfully submits this Reply to Webloyalty.com, Inc.'s ("Webloyalty") and GameStop Corporation's ("GameStop") Response to Plaintiff's Notice of Additional Authority.

Plaintiff went online to make a simple purchase of a video game from GameStop only to find months later that he had – without his knowledge or consent – been charged by sham marketer Webloyalty for purportedly enrolling in one of its fee-based membership clubs.[1] Unknown to plaintiff, Webloyalty and GameStop conspired to flash a deceptive pop-up offer for a GameStop coupon during the purchase of a video game from online retailer GameStop that defendants now claim was a "contract" with Webloyalty – a stranger to L.S. and not a party to his transaction with GameStop – containing "disclosures" that defendants contend plaintiff was

---

[1] The vast majority, 90%, of "members" of Webloyalty's fee-based membership clubs are not aware they joined or who Webloyalty is and 99% are never provided any promised product or service. See, e.g., Amended Complaint ¶¶ 38, 54.

"obligated" to read. As shown in plaintiff's opposition to the motion to dismiss, defendants' argument is wrong on both the law and the facts. In further support of his opposition to the motion to dismiss, L.S. submitted the recent decision in Keithly v. Intelius, 2011 U.S. Dist. LEXIS 16861, at * 27 (W.D. Wash. Feb. 8, 2011), which, directly on point with the issue here, found:

> It is not unreasonable for a consumer to assume that he can safely complete an uncomplicated internet transaction without fear of being swindled or saddled with unwanted goods and services if he reviews the order summary and clicks on the link or button that purportedly completes the purchase.

The district court in Keithly found that a pop-up offer flashed on the screen to a consumer during the purchase phase of an intended transaction with an online retailer by a third party marketer does not create an obligation to read that "offer," especially without the consumer having demonstrated meaningful consent thereto by providing his full credit card number and billing information. The Keithly court entirely rejected Intelius's argument that the Keithly plaintiff was obligated to read the purported disclosures by which his billing information was deceptively and improperly, without his meaningful consent, passed to the third party marketer for the same reasons advanced by L.S. here for rejection of the similar argument made by Webloyalty in its motion to dismiss.

Webloyalty cannot force an "obligation" on L.S. to read the deceitful so-called "Enrollment Page"[2] by designing it to pop up (and offer a coupon on his next GameStop purchase) while L.S. is performing his intended video game purchase on a purportedly secure website of an online video game retailer. 2011 U.S. Dist. LEXIS 16861, at * 33 ("Without some reason to look for additional disclosures, a reasonable consumer could miss the text while

---

[2]Webloyalty and GameStop characterize the pop-up offer for a GameStop coupon as the "Enrollment Page," though those words nowhere appear on the offer.

focusing on the design elements that are most likely to reveal the [video game] he has already purchased."). The <u>Keithly</u> court found that the third party marketer's pop up and data pass was a deceptive practice under consumer protection laws. 2011 U.S. Dist. LEXIS 16861, at * 29 ("Because this marketing scheme presents a subscription service to the consumer in such a way that a substantial portion of the population is not even aware that an offer has been made, much less accepted, one could reasonably find that this technique has the capacity to deceive.").

Recognizing that <u>Keithly</u> adopts the reasoning advanced by L.S. for rejection of their motion to dismiss here, defendants deceptively cite a portion of the opinion where one (of the several) <u>Keithly</u> plaintiff's claims was dismissed. Defendants intend to create the false impression that there are similar grounds here for dismissal. There are not. The plaintiff whose claims were dismissed in <u>Keithly</u> received a disclosure of the monthly cost for the service he did not recall enrolling in **on the screen where he provided his full credit card number and billing information**. 2011 U.S. Dist. LEXIS, at * 29-30. That <u>Keithly</u> plaintiff, thus, was found to have consented to the challenged transaction. Based on those facts, which are not present in L.S.'s action here, the <u>Keithly</u> court dismissed that one plaintiff's claims while sustaining the other plaintiffs' claims.

Here, it is undisputed that L.S. **never** provided his full debit card number or billing information for any purported transaction with Webloyalty. L.S. **never** meaningfully consented to his full debit card number or billing information being passed by GameStop to Webloyalty. Since the transaction here was performed pursuant to the data pass, it is like those found to state a claim in <u>Keithly</u> and for which the court found <u>there was no reason for a consumer to read the so-called "disclosures."</u> L.S. went onto GameStop's website to perform a simple transaction with GameStop for the purchase of a video game, not to shop for a fee-based membership club

subscription.  L.S. never authorized any transaction with Webloyalty.  Instead, defendants here swindled and saddled L.S. with sham marketer Webloyalty's unknown, unwanted and unused fee-based "membership club."

In a further attempt at misdirection, defendants cite Hook v. Intelius, Inc., C.A. No. 5:10-CV-239(MTT) (M.D. Ga).  In Hook, the court found that the plaintiff purchased services directly from Intelius, the merchant with whom he had initiated his transaction, and was never directed to a third party marketer.  Further, the Hook plaintiff directly provided his full credit card number and billing information to Intelius, rather than having that information transferred by the data pass to a third party marketer.  Based on those facts, not present here, the court found that the Hook plaintiff transacted directly with Intelius.[3]  Here, plaintiff intended to perform – and only authorized – a transaction with GameStop, not Webloyalty.

Indeed, the district court in Hook went to great lengths to note the difference between the situation in Hook and other situations where Intelius was found liable for "referring customers to a third-party website to purchase additional services."  In Hook, unlike the situation here and in other cases where Intelius was found liable, "all of the products purchased by the Plaintiff were products owned by Intelius."  While the Hook court believed Intelius, by implementing disclosures at the insistence of the Better Business Bureau, was "cleaning up its act," here it is plain that sham marketer Webloyalty is only attempting to "clean up" financially by swindling

---

[3] In Hook, the court found that the plaintiff received an immediate benefit for having chosen the service in question – an instant discount on the purchase.  Here, Webloyalty never delivered – and never intended to deliver – the coupon offered on the deceitful pop-up.

and saddling unsuspecting consumers performing routine online transactions with improper charges for worthless and unwanted "membership club" subscriptions.

| | |
|---|---|
| Dated: April 28, 2011 | **The Plaintiff** |

/s/ David C. Katz
Joseph H. Weiss
David C. Katz (phv04500))
WEISS & LURIE
1500 Broadway
New York, New York 10036
(212) 682-3025
(212) 682-3010 (facsimile)
jweiss@weisslurie.com
dkatz@weisslurie.com

James E. Miller (ct21560)
Patrick A. Klingman (ct17813)
Karen Leser-Grenon (ct23587)
Shepherd, Finkleman, Miller & Shah LLP
65 Main Street
Chester, CT 06412
(860) 526-1100
(860) 526-1120 (facsimile)
jmiller@sfmslaw.com
Pklingman@sfmslaw.com
Kleser@sfmslaw.com

His Counsel

**CERTIFICATE OF SERVICE**

      In hereby certify that on April 28, 2011, a copy of foregoing Plaintiff's Reply to Webloyalty.com, Inc.'s and Gamestop Corporation's Response to Plaintiff's Notice of Additional Authority was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by the operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ David C. Katz
      David C. Katz (pvh04500)
      Weiss & Lurie
      1500 Broadway
      New York, New York 10036
      Phone: (212) 682-3025
      Fax: (212) 682-3010
      dkatz@weisslurie.com