UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| L-S, a minor, by P.S., his parent and next friend, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WEBLOYALTY.COM, INC., GAMESTOP CORPORATION and VISA INC.,<br><br>Defendants. | )<br>)  Case No. 3:10-CV-1372 (CHS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**WEBLOYALTY.COM, INC.'S AND GAMESTOP CORPORATION'S
RESPONSE TO PLAINTIFF'S NOTICE OF ADDITIONAL AUTHORITY**

On March 29, 2011, Plaintiff submitted a Notice of Additional Authority bringing to the Court's attention the recent decision *Keithly v. Intelius Inc.*, No. C09-1485RSL, 2011 U.S. Dist. LEXIS 16861 (W.D. Wash. Feb. 8, 2011). In the Notice, Plaintiff suggests that the *Keithly* decision is critical of certain of Webloyalty's and Gamestop's authorities cited in support of their pending Motion to Dismiss the Amended Complaint, specifically *Baxter v. Intelius, Inc.*, 2010 U.S. Dist. LEXIS 104218 (C.D. Cal. Sept. 16, 2010) and *In re VistaPrint Corp. Marketing and Sales Practice Litig.*, 2009 U.S. Dist. LEXIS 77509 (S.D. Tex. Aug. 31, 2009), *aff'd sub nom. Bott v. VistaPrint USA Inc.*, 392 Fed. Appx. 327 (5th Cir. 2010)). Clearly, Plaintiff seeks to equate the membership enrollment experience of plaintiffs in *Keithly* with his own, but the comparison is unavailing.

In *Keithly*, following the on-line purchase of a personal background–check report from the merchant defendant, the membership program defendant presented the plaintiffs with a post-

**Oral Argument Requested**

transaction on-line solicitation offer that used data pass and entry of an email address for electronic authorization. As set forth below, the similarities with Plaintiff's experience end there.

| ***Keithly v. Intelius Inc.***, 2011 WL 538480 (W.D. Wash. Feb. 8, 2011) | *Webloyalty* |
|---|---|
| • Consumer arrives at enrollment page after clicking a button that says "Confirm the Purchase and Show My Report"; "[i]nstead of showing the purchased report," the button takes the user to an unrequested offer. *Id.* at *4. | • Amended Complaint specifically describes Webloyalty Enrollment Page as a "pop-up advertisement" and does not allege that the customer is prevented from viewing the page needed to complete his transaction with Gamestop. (Amended Complaint ["AC"], ¶ 33) |
| • **_Single_** disclosure of program cost on the enrollment page in gray type "significantly smaller" than rest of page. *Id.* at *5. | • **_Five_** disclosures of Program cost on Enrollment Page, including within brightly colored starburst in large font. (Affidavit of Richard Winiarski ["WA"][1], Ex. B No. 1, 3, 4, 5, 7) |
| • No disclosure of monthly fee and data pass in proximity to the "Cash Back" offer graphic at the top of the page. Instead, disclosures are "strewn" between colored buttons in "significantly smaller gray type" in a separate box. *Id.* at *4-5. | • First of several disclosures of monthly fee and data pass appears in top left corner of page immediately next to the "Cash Back" offer graphic. (WA, Ex. B No. 1) |
| • Above location for email entry, consumer is instructed in a green highlighted box simply to "Please type in your email address below" *Id.* at *5. | • Above location for entry of email address *and* last four digits of credit card number, consumer is told in a font color that is more noticeable than the text of the rest of the page to "Complete the information below and click YES below ***to sign up for membership*** |

---

[1] Attached as Exhibit A to the Declaration of Daniel M. Esrick in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 40-3).

|  |  |
|---|---|
|  | *in Shopper Discounts & Rewards.*" (Emphasis supplied). (WA, Ex. B No. 6) |
| • "In the bottom left corner of the screen is a red 'YES and show my report' button above a gray '*No, show my report*' button. The 'No' button, which is the correct one to choose if the consumer wants to purchase only the product he initially intended to buy, barely stands out from the blue/gray background of the text box in which it is located." *Id.* *4 (emphasis in original). By the time this button is made available, the consumer has already "been trying to get [the purchased report] for a undisclosed number of screens." *Id.* at *9. | • The "YES" on the Enrollment Page button makes no representation or suggestion that the consumer must to push it in order to receive the movie tickets that the consumer just purchased. On the contrary, the button clearly says "Click here now to *sign up*." (WA, Ex. B) (emphasis supplied) |
| • "No information is provided regarding the company that is offering this service." *Id.* at *5. | • At the top of the page, the Enrollment Page clearly states that Shopper Discounts & Rewards is "presented by Webloyalty" rather than by the merchant, GameStop. (WA, Ex. A) |
| • "The webpage contains the Intelius logo [*i.e.*, the merchant] in the upper right corner, but the disclosures state that Intelius will securely transfer the customer's billing information "to Family Safety Report, a service provider of Intelius." *Id.* at *5. | • The Enrollment Page shows the Shopper Discounts & Reward [*i.e.*, the membership program] logo at the top left of the page. GameStop's merchant logo is significantly smaller than the Shopper Discounts & Rewards logo; the GameStop logo is also preceded by a clear statement that Shopper Discounts & Rewards is "presented by Webloyalty," which is a "partner" of GameStop. (WA, Ex. A) |
| • Terms and conditions labeled only "Offer Details." *Id.* at *4. | • Terms and conditions labeled "Offer *and Billing* Details". |

|  | (Emphasis supplied). (WA, Ex. B) |
|---|---|
| • **_7-Day_** cancellation opportunity and instruction not highlighted; rather, they are "strewn between . . . colored buttons and blocks in significantly smaller gray type." *Id.* at *5. | • **_30-day_** cancellation opportunity and instruction appears in bolded lettering within equally sized and colored "Offer and Billing Details." (WA, Ex. B) |
| • "[N]o confirmation of the [Program] transaction is generated." *Id.* at *9 | • Enrollee is immediately presented an Acknowledgement Page on-screen upon enrollment and is sent a Join Email the same day. Both detail the terms of the offer, pricing, data pass, and provide instructions on how to cancel. (Affidavit of Meghan Pipkin ["PA"][2], Ex. A, B) |

In fact, in *Keithly,* the court also considered a merchant solicitation that, like the Webloyalty Enrollment Page, set forth repeated disclosures of the cost of the program. In light of that presentation, the court found that "[d]espite all of the other design and transactional elements that tend to make the Identity Protect offer deceptive. . . . a reasonable consumer could not ignore or skim over the repeated disclosure of the $19.95 monthly cost, especially when it was conspicuously presented at the moment the consumer was required to authorize the purchase" 2011 WL538480 at *8. Accordingly, with regard to that solicitation, plaintiff "was not, as a matter of law, subjected to a deceptive practice." *Id.* The price and billing disclosures repeatedly made on the Webloyalty Enrollment Page, particularly in close proximity to where Plaintiff entered his authorization, similarly are unavoidable. *See Bott v. Vistaprint USA, Inc.*, No. 09-20648, slip op. at 2, 2010 WL 3303692, *1 (5th Cir. August 23, 2010), *affirming In Re Vistaprint Corp. Marketing and Sales Practices Litigation*, No. 4:08-md-1994, 2009 WL

---

[2]   Submitted in support of Defendants' Reply Memorandum in Support of their Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 53-3).

2884727 (S.D. Tex. Aug. 31, 2009); *Baxter v. Intelius, Inc.*, No. SACV 09-1031 AG (MLGx), 2010 WL 3791487, at *4-5 (C.D. Cal. Sept. 16, 2010).[3]

Finally, the United States District Court for the Middle District of Georgia recently again considered Intelius' enrollment pages and dismissed a complaint alleging a purported misleading membership solicitation. *See* Order, *Hook v. Intelius*, No. 5:10-CV-239 (M.D. Ga. Mar. 28, 2011) (Dkt. No. 51). Like the Webloyalty Enrollment Page, the enrollment page in *Hook* set forth multiple disclosures of the key membership cost and billing terms. In light of these disclosures, the court in *Hook* soundly rejected the plaintiff's claims that there was anything misleading about the solicitation or that Intelius had somehow concealed important information: "One wonders, if these five disclosures [of the billing terms] were not sufficient to make the Plaintiff aware of the nature of the transaction, what would have been?" *Id.* at 19. Thus, not only should *Keithly* be limited to its specific facts, its applicability to those facts should be questioned in light of *Hook*.

---

[3] With respect to its assessment of *Vistaprint* and *Baxter*, *Keithly*, 2011 WL538480 at *9 n. 12, has it wrong. *Vistaprint* reached its conclusion of no deception by considering not just the "language of the disclosure" as *Keithly* suggests, but based, consistent with *Keithly*, on the layout of that language, its clarity, and its proximity to key elements on the page, including where the consumer authorized enrollment. *See Bott v. Vistaprint USA, Inc.*,2010 WL 3303692 at *1 ("A consumer cannot decline to read clear and easily understandable terms that are provided on the same webpage in close proximity to the location where the consumer indicates his agreement to those terms and then claim that the webpage, which the consumer has failed to read, is deceptive."). *Baxter* likewise considered "the bright colors, various font sizes, and color highlights" as well as the location and placement of relevant text when concluding that "as a matter of law, the webpage is not deceptive." 2010 WL 3791487, at *4.

Dated: April 29, 2011

DEFENDANTS
WEBLOYALTY, INC. AND
GAMESTOP CORPORATION

By: /s/ James E. Nealon
James E. Nealon (ct 08161)
KELLEY DRYE & WARREN LLP
400 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 324-1400
Fax: (203) 327-2669
Email: jnealon@kelleydrye.com

James W. Prendergast (MA SBN: 553073) (*Pro hac vice*)
John J. Regan (MA SBN: 4151201) (*Pro hac vice*)
Daniel M. Esrick (MA SBN: 647676) (*Pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
Fax: (617) 526-5000
Email: james.prendergast@wilmerhale.com
Email: john.regan@wilmerhale.com
Email: daniel.esrick@wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2011, a copy of the foregoing was filed electronically with the Court through the ECF System and that the undersigned counsel is not aware of any party to this action who is unable to accept service by electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /S/
James E. Nealon (CT 08161)