UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| L.S., a minor, by P.S., his parent and next friend, on behalf of himself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WEBLOYALTY.COM, INC., GAMESTOP )<br>CORPORATION and VISA INC., )<br>)<br>Defendants. )<br>_____ ) | Case No. 3:10-cv-01372 (CSH)<br><br><br><br>May 9, 2011 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
NOTICE OF ADDITIONAL AUTHORITY**

Plaintiff L.S., by his parent and next friend P.S., through his counsel, respectfully submits this Response to Defendants' Notice of Additional Authority.

The additional authority submitted by defendants, <u>Berry v. Webloyalty.com, Inc., and MovieTickets.com, Inc.</u>, 10-CV-1358-H (CAB) (S.D. Cal. April 13, 2011), should be disregarded as being wrongly decided since it ignores black letter law providing that the "obligation" or "duty" to read a contract does not arise when a person does not intend to enter, or was tricked into entering, into a contract. <u>See</u> Plaintiff's Opposition to Defendants' Webloyalty.com, Inc.'s and GameStop Corporation's Motion to Dismiss ("Opp. Br.") at 23-24. Such an "obligation" or "duty" only arises in the course of an intended transaction with an intended merchant. The <u>Berry</u> decision, however, contrary to that established authority would allow deceptive marketers selling no good or service, such as Webloyalty.com, Inc. ("Webloyalty"), to conspire with well known seemingly reputable online merchants, such as, in

Berry, MovieTickets.com ("MovieTickets"), and here, GameStop Corporation ("GameStop"), to purport to create an "obligation" or "duty" for consumers intending to make a simple movie ticket purchase from MovieTickets or a simple video game purchase from GameStop to pour over the details of a coupon offer thanking the customer for his purchase or risk being tricked and trapped into recurring charges for unknown, unused, and unwanted goods and services. Webloyalty's conduct is so egregious that it was subject of Congressional hearings leading to the passage of an act of Congress barring precisely the acts perpetrated by Webloyalty and GameStop here. See Opp. Br. at 14-16.

Simply put, **as a matter of law**, one does not have a "duty" or an "obligation" to read everything that pops up on the Internet no matter how vociferously Webloyalty argues to the contrary.

**The Berry Court Wrongly Decided to Allow Webloyalty to Improperly Submit Documents Outside the Four Corners of the Berry Complaint**

Webloyalty has refused to produce to plaintiff L.S., though requested, "the entire sequence of screen shots [plaintiff L.S.] would have observed in the course of shopping for, placing and completing his order with GameStop." Opp. Br. at 18.  Instead, defendants, violating well-established rules for motions to dismiss, selectively have chosen one purported document from that series, all of which are outside the four corners of the Complaint – the so-called "Enrollment Page"[1] – in order to create an incomplete and deliberately skewed record in support

---

[1]The so-called "Enrollment Page" here appears to be more facially deceptive than the so-called "Enrollment Page" filed by Webloyalty in Berry.  The Berry court makes the initial observation that the so-called "Enrollment Page" in Berry "does not display the MovieTickets.com logo anywhere."  Berry at 3.  Indeed, Webloyalty in its motion to dismiss in Berry insisted that the lack of a MovieTickets logo on the so-called 'Enrollment Page" at issue in Berry was a "structural element" designed to alert a consumer that he has been directed away

of their motion to dismiss. That same abusive method was employed by Webloyalty in Berry.

In Berry, though some discovery appears to have been exchanged, it appears that the court allowed Webloyalty to continue to conceal the series of screenshots by which the Berry plaintiff was tricked by Webloyalty and its online merchant partner there, MovieTickets. The court in Berry wrongly decided to allow Webloyalty to create such an incomplete, skewed record. In the Amended Complaint in Berry it is alleged that "when customers purchase tickets on MovieTickets' website, a coupon appears on the check out page thanking them for being loyal Movietickets' customers and seemingly offering a complimentary coupon to save $10.00 or $20.00 on their next MovieTickets.com purchase." See Berry Dkt. No. 46 at ¶ 20. Clearly, clicking on that "thank you" coupon offer did not demonstrate the intent of the Berry plaintiff to enter into a new transaction with a stranger to the movie ticket purchase he intended to perform with MovieTickets.

At a minimum, it must be considered to be a fact question whether any "duty" or "obligation" to read the so-called "disclosures" arose given the circumstances. The black letter law cited by plaintiff L.S. foreclosing any possible "duty" or "obligation" on the part of a consumer tricked into purportedly entering into an unintended contract with a stranger is dispositive. Moreover, whether plaintiff Berry's purported consent was "meaningful" given the full set of facts and circumstances – which were not before the Berry court – is a fact question that could not be resolved on a motion to dismiss. Defendants' attempt to block discovery,

---

from MovieTickets' website. Berry Dkt. No. 49 at 6. However, **here**, it is undisputed that the GameStop logo appeared at the very top of the so-called "Enrollment Page." Thus, here, plaintiff L.S.'s argument that Webloyalty and GameStop conspired to disguise the "Enrollment Page" as a seemingly gratuitous coupon offer from GameStop is lent support by the Berry decision.

3

including the full series of events regarding plaintiff Berry, just as it is doing here with regard to plaintiff L.S., while inserting a few purported documents therefrom is duplicitious and abusive. While the Berry court granted Webloyalty's motion to dismiss, it wrongly decided to do so given the facts, the law and the incomplete, deliberately skewed record before it.

**The Berry Court Wrongly Faulted the Berry Plaintiff for Not Remembering the Terms of the So-called "Enrollment Page" in Berry**

The court in Berry noted that plaintiff Berry could not remember the terms of the so-called "Enrollment Page." In light of that failure, it chose to take Webloyalty at its word about its terms, and manner of presentation. The Berry court wrongly decided to do so since that rewarded Webloyalty for its deliberate violations of the law. Moreover, the Berry court wrongly decided that plaintiff Berry had a "duty" or "obligation to read the entirety of Webloyalty's contract disguised as a gratuitous GameStop coupon. Given that no such "duty" or "obligation" exists there is no reason why plaintiff Berry was required to read or remember the terms of that seemingly gratuitous coupon.

Stealth is the most important aspect of Webloyalty's confidence scheme since it sells no product or service, is not a "legitimate business" (as noted in expert testimony cited by plaintiff L.S., and Congressional Reports, see Opp. Br. at 8-13, 14-16), and counts upon trickery in enrolling its "members" – 90% of whom do not know who Webloyalty is or how they became so enrolled. Webloyalty, in conspiracy with its online partners, disguises what those in the conspiracy will later claim is a contract for a fee-based Webloyalty membership club as a coupon thanking a consumer for the purchase he is making with a co-conspirator online marketer – in Berry, MovieTickets; here, GameStop. After so tricking the consumer, the conspirators intend

that the consumer will not have read the fine print of the seemingly gratuitous coupon or will forget the whole series of events as nothing more than a "thank you" for a single simple internet transaction – in Berry, the simple purchase of movie tickets; here, the simple purchase of a video game – until the consumer later finds mystery charges on his credit or debit card statement.[2]

The law is not so easily circumvented. Webloyalty depends on recurring preauthorized electronic fund transfers from the credit or debit card accounts of its victims and there is a strict federal law designed to protect consumers in such a situation – the Electronic Funds Transfer Act ("EFTA"). EFTA has a specific provision designed to ensure that "contracts" for preauthorized electronic funds transfers aren't slipped past consumers deceitfully or otherwise unnoticed. That provision requires the payee of such a preauthorized electronic funds transfer to provide the consumer a "**signed**" "**copy**" of the preauthorized electronic funds transfer "**when made**." 15 U.S.C. § 1693e(a). Thus, the consumer can scrutinize a copy of the document the payee claims he signed to preauthorize the electronic fund transfer and, if he did not intend to so preauthorize a fund transfer, or was misled as to the nature of the document, exercise that same EFTA provision to cancel the purported preauthorization.

The court in Berry did not analyze EFTA to determine whether anything other than a "signed" "copy" would suffice. Congress required that a "**copy**" be required for a very good reason and that requirement cannot be varied by the court, or Webloyalty, or its co-conspirators. Moreover, the court in Berry wrongly faulted plaintiff Berry for not recalling the entire sequence

---

[2] It appears that Webloyalty refunded the charges imposed upon the Berry plaintiff. Here, it is undisputed that plaintiff L.S. has received no refund at all for any of the charges improperly made to his debit card account by Webloyalty.

5

of events regarding his ensnarement by Webloyalty since Webloyalty's violation of EFTA was part and parcel of that perceived failure of recollection.

Dated: May 9, 2011 THE PLAINTIFF

 /s/ David C. Katz
Joseph H. Weiss
David C. Katz (phv04500)
WEISS & LURIE
1500 Broadway
New York, New York 10036
(212) 682-3025
(212) 682-3010 (facsimile)
jweiss@weisslurie.com
dkatz@weisslurie.com

James E. Miller (ct21560)
Patrick A. Klingman (ct17813)
Karen Leser-Grenon (ct23587)
Shepherd, Finkleman, Miller & Shah LLP
65 Main Street
Chester, CT 06412
(860) 526-1100
(860) 526-1120 (facsimile)
jmiller@sfmslaw.com
Pklingman@sfmslaw.com
Kleser@sfmslaw.com

His Counsel

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 9, 2011, a copy of foregoing Plaintiff's Response to Defendants' Notice of Additional was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by the operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      /s/ David C. Katz
David C. Katz (pvh04500)
Weiss & Lurie
1500 Broadway
New York, New York 10036
Phone:  (212) 682-3025
Fax:  (212) 682-3010
dkatz@weisslurie.com