# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
                                                )
L.S., a minor, by P.S., his parent and next friend,   )
on behalf of himself and all others similarly situated,   ) Case No. 3:10-cv-01372 (CSH)
                                                )
                                                )
                    Plaintiff,                  )
                                                )
        v.                                      )
                                                )
WEBLOYALTY, INC., GAMESTOP CORPORATION   )
and VISA INC.,                                  )
                                                )
                    Defendants.                 )
_____)

## PLAINTIFF'S REPLY TO THE RESPONSE OF DEFENDANTS WEBLOYALTY.COM, INC. AND GAMESTOP CORPORATION TO PLAINTIFF'S NOTICE OF ADDITIONAL AUTHORITY

Plaintiff L.S., by his parent and next friend P.S., through his undersigned counsel, respectfully submits this Reply to the Response of Defendants Webloyalty.com, Inc. ("Webloyalty") and GameStop Corporation ("Gamestop") (collectively, the "Defendants") to Plaintiff's Notice of Additional Authority.

Contrary to the assertions made in Defendants' Response, Webloyalty and Gamestop engaged in a deceptive practice of improperly taking money from bank and credit accounts of consumers for services they never contracted for and that Defendants knew were neither desired nor sought by the consumers.  Amended Complaint (Dkt. No. 24) (the "Complaint") at ¶¶ 21-35. The United States Congress – after considering:  documents and other information produced by Webloyalty and its partners (Complaint ¶¶ 37, 38, 50-62, 68, 70, 71), the unrebutted testimony of numerous experts (Complaint ¶¶ 63-65, 79), and the experience of Webloyalty's purported "customers," who never heard of Webloyalty, didn't know how or why Webloyalty had taken

money or charged their accounts, and had no knowledge of any Webloyalty product or service (Complaint ¶¶ 36-38, 49-62) – prohibited these deceitful practices. See Restore Online Shoppers' Confidence Act, Pub. L. No. 111-345, 124 Stat. 3618 (2010).

    Defendants provided notice to the Court of the Berry decision dismissing a class action against Webloyalty, and others (Dkt. No. 63), but provided no notice when the Ninth Circuit subsequently vacated the Berry decision. Now, rather than simply withdraw their notice, Defendants argue that the vacature is irrelevant since the Ninth Circuit vacated the Berry decision sua sponte on grounds not "relevant" to this action. That argument has no merit.

    "[A] decision that has been vacated has no precedential authority whatsoever." Durning v. Citibank, N.A., 950 F.2d 1419, 1424 n.2 (9th Cir. 1991) (citing O'Connor v. Donaldson, 422 U.S. 563, 577 n.12 (1975)); see also Andrulonis v. United States, 26 F.3d 1224, 1232 (2d Cir. 1994) ("In essence, when a judgment is vacated all is effectively extinguished") (quoting Falcon v. Gen. Tel. Co., 815 F.2d 317, 320 (5th Cir. 1987)); Pratt v. City of New York, 2013 U.S. Dist. LEXIS 35649, at * 11 n.3 (S.D.N.Y. March 14, 2013) ("[V]acated Order has no precedential authority or effect"). The Berry decision was duly vacated by the Ninth Circuit and, as such, "has no precedential authority whatsoever."

    Further, the Ninth Circuit itself has ruled that only a reversal may be fairly characterized as being made "on other grounds." Durning, 950 F.2d at 1424 n. 2 ("Although [appellant] contends that the decision was 'vacated on other grounds,' we find that contention curious. A decision may be reversed on other grounds, but a decision that has been vacated has no precedential authority whatsoever."). The Ninth Circuit chose to vacate the Berry opinion in its entirety rather than reverse "on other grounds." Pursuant to the Ninth Circuit standards set forth in Durning, that choice strips the Berry decision of any precedential authority.

The Defendants' suggestion that the Court ignore the Ninth Circuit's vacature of <u>Berry</u> has no merit, and, it is respectfully submitted, must be rejected.  The <u>Berry</u> decision has no precedential authority whatsoever and Defendants' arguments based thereon (Dkt. No. 63) should be struck or, at a minimum, not considered.[1]

Dated:  June 5, 2013                          THE PLAINTIFF

                                              <u>s/ David C. Katz</u>
                                              Joseph H. Weiss
                                              David C. Katz
                                              **WEISSLAW LLP**
                                              1500 Broadway
                                              New York, NY   10036
                                              Telephone:  (212) 682-3025
                                              Facsimile:   (212) 682-3010
                                              jweiss@weisslawllp.com
                                              dkatz@weisslawllp.com

                                              **SHEPHERD, FINKELMAN, MILLER**
                                              **& SHAH, LLC**
                                              James E. Miller  (ct21560)
                                              Laurie Rubinow (ct27243)
                                              Karen M. Leser Grenon (ct27243)
                                              65 Main Street
                                              Chester, CT   06412
                                              Telephone:  (860) 526-1100
                                              Facsimile:   (860) 526-1120
                                              jmiller@sfmslaw.com
                                              lrubinow@sfmslaw.com
                                              kleser@sfmslaw.com

                                              His Counsel

---

[1] Webloyalty is a defendant in <u>Berry</u> with the same counsel of record as here.  Given its actual knowledge of the vacature, it should have promptly provided notice.  Defendants claim that it would have been premature to do so because a petition for re-hearing was filed, however, by that logic the notice of the <u>Berry</u> decision (Dkt. No. 63) they filed in April 2011 was premature since the decision was appealed.  Further, the petition for re-hearing in <u>Berry</u> was filed a full fourteen (14) days after the Ninth Circuit's vacature was entered, giving Defendants ample time to timely provide notice here – far more time than they employed to file the <u>Berry</u> decision with this Court (two days after entry).  Moreover, the petition for rehearing was denied eight days before Plaintiff filed his Notice of Additional Authority.