UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| L.S., a minor, by P.S., his parent and next friend, on behalf of himself and all others similarly situated, | )<br>)<br>) Case No. 3:10-cv-01372 (CSH)<br>) |
| Plaintiff, | ) |
| vs. | ) |
| WEBLOYALTY.COM, INC., GAMESTOP CORPORATION and VISA INC., | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO WEBLOYALTY.COM, INC.'S AND GAMESTOP CORPORATION'S NOTICE OF RECENT DECISION IN RELATED MATTER**

Plaintiff, through his undersigned counsel, respectfully submits this Response to the Notice of Recent Decision in Related Matter filed by Webloyalty.com, Inc. ("Webloyalty") and GameStop Corporation ("GameStop"), attaching the recent decision rendered in Park v. Webloyalty.com, Inc., Case No. 12cv1380-LAB (JMA) (S.D. Cal. Aug. 30, 2013) ("Park").

No prior notice of the Park case was provided by Defendants to Plaintiff or the Court so it is unclear upon what basis Defendants assert that the case is "related" to this action. Defendants, in their Notice, describe the Park case as one in which "Park and others purportedly allowed charges to be placed on their credit cards." Here, Plaintiff certainly does not allege that he "allowed charges" of any sort to be placed on his debit card, but, rather that he was defrauded and a victim of Defendants' illegal practices.

Regardless, the grounds for dismissal in Park, i.e., failure to adequately allege standing and "minimal diversity" jurisdiction, are not at issue here.

**Plaintiff's Standing Here Is Not Challenged**

The decision in Park as to the plaintiff's standing was based on the Ninth Circuit's decision in Berry v. Webloyalty.com, Inc., 11-55764 (9th Cir. April 25, 2013) (the "Berry Appeal Decision") (attached to Dkt. No. 78), where the Ninth Circuit held that since the plaintiff there was reimbursed for the disputed charges, he had no standing to pursue his claims.

Defendants, however, have expressly represented that the Berry Appeal Decision has no application to this case. Indeed, when Plaintiff here provided the Court with the Berry Appeal Decision, Defendants stated in response: "there was no reason for Webloyalty to notify this Court about the Berry Appeal Decision because the Ninth Circuit based its decision exclusively (and sua sponte) on the plaintiff's lack of standing in that case. In contrast, Webloyalty has not claimed in this case that L-S lacks standing to proceed." (Dkt. No. 79, at 1-2):

Indeed, it is uncontested here that Defendants never refunded the money purloined from Plaintiff. The complaint makes plain that at the time of suit "Webloyalty continued to charge Plaintiff" (see, e.g., ¶¶ 81, 84[1]), and that "Plaintiff and the Class have not been compensated for the payment of such money (¶ 122). See also ¶¶ 106, 127.

**Jurisdiction Is Not At Issue Here**

The Park court dismissed that action, which only asserted claims under state law, finding that "minimal diversity" under the Class Action Fairness Act ("CAFA") was not adequately pled. Here, however, Plaintiff asserts violations of Federal law and pleads the Court's original jurisdiction based thereon. ¶ 7. While CAFA jurisdiction is also pled, it is well-supported. Indeed, Defendants have never contended – and still do not contend – otherwise.

---

[1] References to the Amended Class Action Complaint (Dkt. No. 24), will take the form "¶ __."

2

CAFA "amended the diversity statute to confer federal jurisdiction over certain class actions where, among other things, "minimal diversity exists between the parties, (i.e., where 'any member of a class of plaintiffs is a citizen of a State different from any defendant')." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013). Here, "minimal diversity" has neither been challenged nor could it be since the complaint plainly pleads that that the Plaintiff is a citizen of the State of Connecticut (¶9), while Defendant GameStop is a citizen[2] of the States of Delaware and Texas (¶11), and Defendant Visa is a citizen of the States of Delaware and California (¶12). Since the complaint demonstrates that the Plaintiff is a citizen of a different state than two of the Defendants, "minimal diversity" jurisdiction pursuant to CAFA is well-pled and the Park decision has no relevance here.

**Park Was Granted Leave To Amend**

Leave to amend may be denied when amendment would be "futile." See, e.g., Lucente v. Int'l Bus. Machines Corp, 310 F.3d 243, 258 (2d Cir. 2002). While the Park case was dismissed, the court expressly gave leave to amend the pleading. Since the court in Park allowed the plaintiff to replead to include more facts regarding standing and subject matter jurisdiction, it must have found sufficient merit in the substantive allegations against Webloyalty and GameStop such that the amendment authorized by the court would not be futile.

---

[2] See 28 U.S.C. §1332(b) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business….").

Dated: September 30, 2013  THE PLAINTIFF

/s/ David C. Katz
Joseph H. Weiss
David C. Katz
WeissLaw LLP
1500 Broadway
New York, NY 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
jweiss@weisslawllp.com
dkatz@weisslawllp.com

James E. Miller (ct21560)
Laurie Rubinow (ct27243)
Karen M. Leser Grenon (ct27243)
Shepherd, Finkelman, Miller & Shah, LLC
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120
jmiller@sfmslaw.com
lrubinow@sfmslaw.com
kleser@sfmslaw.com

His Counsel