UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

L.S., a minor, by P.S., his parent and next
friend, on behalf of himself and all others
similarly situated,

        Plaintiff,
  v.

WEBLOYALTY.COM, INC., GAMESTOP
CORPORATION, and VISA INC.,

        Defendants.

3:10-CV-1372 (CSH)

August 24, 2017

### ORDER ON DEFENDANTS' MOTION FOR LEAVE TO AMEND

**HAIGHT,** Senior District Judge:

    Before the Court is Defendants' Motion to Amend/Correct [Doc. 129], which seeks to add two additional affirmative defenses – namely, release and statute of limitations – to Defendants' Answer [Doc. 125] to Plaintiff's Amended Complaint [Doc. 91]. Because more than 21 days elapsed between the filing of the Answer and Defendants' instant effort to amend, the desired amendment requires either Plaintiff's consent or leave of the Court. *See* Fed. R. Civ. P. 15(a). Plaintiff has not consented, and has filed a Memorandum in Opposition [Doc. 131], to which Defendants have filed a Reply [Doc. 132]. Therefore, the proposed amendments require the leave of the Court. This Order evaluates the proposed amendments and resolves the instant Motion.

### I. STANDARD FOR GRANT OF LEAVE TO AMEND

    The leading case on the propriety of amendment of pleadings by leave of court is *Foman v. Davis*, 371 U.S. 178 (1962). The Supreme Court stated generally that "the purpose of pleading

is to facilitate a proper decision on the merits." 371 U.S. at 182 (citing and quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). *Foman* then voices this oft-quoted guidance:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought [to amend] should, as the rules require, be "freely given."

371 U.S. at 182.

Instructed by *Foman,* federal trial courts are lenient in allowing amendments to pleadings, but they are not supine. If the party opposing amendment demonstrates the presence of one or more of the negative factors listed in *Foman*, the amendment will not be allowed, for in that circumstance the cause of justice would not be served. In our case, Plaintiff argues that Defendants' proposed amendments are made in bad faith, unduly prejudicial to Plaintiff, and futile. *See* Pl. Br. The Court will consider each of these contentions in turn.

Plaintiff also urges the Court to deny leave to amend for Defendants' failure to "show good cause." Pl. Br. 11. Plaintiff argues "[t]he time to amend their answer as of right expired. . . . Defendants provide no explanation as to why they could not have timely asserted their so-called 'release' and 'statute of limitations' defenses or any reason why they omitted those defenses from their answer and so have certainly made no showing of good cause." *Id.* This misstates the standard for amendment of the pleadings. Federal Rule of Civil Procedure 15(a)(2) instructs judges to "freely give leave" to amend, "where justice so requires." It does not require the amending party to demonstrate good cause.[1] While the window for amending a pleading as of right may close after 21

---

[1] There are circumstances where amendment of the pleadings may require a showing of good cause: "[w]here . . . a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that

-2-

days, that does not, as Plaintiff suggests, make any amendment sought after 21 days "untimely."

## II. ANALYSIS

### A. As to Bad Faith

In their Amended Rule 26(f) Report [Doc. 122], Plaintiff and Defendants differed on the time for commencement of discovery in this matter, among other scheduling disputes. Defendants justified their proposed timetable, in part, by their professed intention to bring early dispositive motions in this case:

> This matter is ripe for early disposition by way of a motion for judgment on the pleadings regarding Plaintiff's remaining claim under [the Connecticut Unfair Trade Practices Act] and a motion for partial summary judgment regarding Plaintiff's remaining claim under the [Electronic Funds Transfer Act]. Defendants will file such motions within 30 days after the Answer, *i.e.,* by May 15, 2017. Accordingly, Defendants propose that fact discovery, if necessary, be commenced only after the Court enters a decision on these motions.

Am. R. 26(f) Report, at 16. As of this writing, no motion for judgment on the pleadings or summary judgment has been filed. Plaintiff now maintains that the instant Motion moots Defendants' proposed motion for judgment on the pleadings as to the Connecticut Unfair Trade Practices ("CUTPA") claim, and demonstrates bad faith on the part of Defendants. *See* Pl. Br. 11-12. Plaintiff argues that Defendants' proposed motion for judgment on the pleadings "represent[ed] that the pleadings were closed," casting doubt on the good faith of Defendants in bringing the instant Motion

---

the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 586 F.3d 329, 334-35 (2d Cir. 2009) (citations and internal quotation marks omitted). *See* Fed. Rs. Civ. P. 15(a), 16(b). Parties' Amended Rule 26(f) Report [Doc. 122] provides, at 13, that "Plaintiff and Defendants agree that all parties should be allowed until sixty (60) days after the date of the initial production of documents by Plaintiff and Defendants to file motions to join additional parties and to file motions to amend the pleadings." This deadline had not passed at the time of Defendants' instant Motion, so the good cause standard plays no role in my decision.

to re-open the pleadings. *Id.* at 12.

The Court is not convinced by this line of reasoning, nor by the cases Plaintiff cites to support it. The bare facts do not suggest bad faith by any objective standard. Defendants, by the Amended Rule 26(f) Report, notified Plaintiff and the Court of their intention to file a dispositive motion at a future point in this litigation. After filing the Answer [Doc. 125] and before filing that anticipated dispositive motion, Defendants realized they had omitted affirmative defenses from their pleading, and sought to remedy that omission before proceeding to discovery and/or dispositive motions. The Court is not convinced that this oversight and correction evidence bad faith.

The Court is likewise unconvinced by Plaintiff's contention that the instant Motion moots Defendant's proposed motion for judgment on the pleadings. The cases Plaintiff cites for this proposition all concern extant motions for judgment on the pleadings, pending on the docket when motions for leave to amend the pleadings were decided. *See, e.g., SavaSeniorCare, LLC v. Beazley Ins. Co.,* 309 F.R.D. 692, 698 (N.D. Ga. 2015) ("Plaintiff's Motion for Partial Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings are rendered MOOT by the Court's above ruling allowing Defendant to amend its Answer. The parties may accordingly rebrief and refile their motions based on the current pleadings"). Here, we have only a notional motion for judgment on the pleadings. As there is no motion on the docket for me to moot, I find Plaintiff's arguments on this point unavailing, and, going forward, I place no special limitation on Defendants' ability to file timely dispositive motions in this case.

**B. As to Undue Prejudice**

Plaintiff also objects to the proposed amendments on the grounds that "Defendants' conduct is prejudicial to Plaintiff." Pl. Br. 12. As noted by *Foman*, undue prejudice to the opposing party may be grounds on which to deny leave to amend. 371 U.S. at 182. In this Circuit,

> A litigant may be "prejudiced" within the meaning of the rule if the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. However, mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend. Nor can complaints of the time, effort and money expended in litigating the matter, without more, constitute prejudice sufficient to warrant denial of leave to amend.

*Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (citations and internal quotation marks omitted) (quoting and citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350-51 (2d Cir. 1993)).

Here, Plaintiff has not established that the proposed amended answer would result in undue prejudice, as defined by the Second Circuit. Plaintiff takes issue with Defendants' conduct in this litigation, and heads one sub-section of his Opposition "Defendants' Conduct is Prejudicial to Plaintiff." Pl. Br. 12. That sub-section details a number of grievances, as to Defendants' conduct of this litigation and the related court cases and settlements in other jurisdictions, but it does nothing to explain why *the amendments sought* would be prejudicial to Plaintiff. That is, of course, the question properly before the Court: will granting leave to make the proposed amendments unduly prejudice Plaintiff. Plaintiff is free to renew his arguments against Defendants' conduct in future filings and at trial, but the instant Motion is not a referendum on Defendants' general conduct in this matter – it is a determination as to whether any of the very limited circumstances enumerated by *Foman* exist, so as to frustrate amendment. Plaintiff has failed to demonstrate that allowing the proposed amendments will result in undue prejudice.

**C. As to Futility**

The standard for judging the futility of a proposed amendment to the pleadings is most often phrased in the context of a motion for leave to amend the complaint, where, "[a]n amendment is

considered 'futile' if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis." *Faryniarz v. Ramirez*, 62 F. Supp. 3d 240, 249 (D. Conn. Dec. 1, 2014). *See also S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979); *Freeman v. Marine Midland Bank-New York,* 494 F.2d 1334, 1338 (2d Cir. 1974); *Wilson-Richardson v. Regional Transit Serv., Inc.*, 948 F. Supp.2d 300, 306 (W.D.N.Y. 2013) ("I conclude that no amendment of the complaint would be sufficient to salvage claims which are undisputedly unexhausted and untimely, and/or over which the Court lacks jurisdiction"). Here, of course, it is the Answer whose amendment is sought, and the application of the motion to dismiss standard may be somewhat inapposite.

In the Second Circuit, "an affirmative defense may be deemed 'futile' where it is either clearly 'meritless' based on the well-pleaded factual allegations contained within the pleadings or would have no impact on the outcome of the action itself." *Tavares v. Lawrence & Mem'l Hosp.,* No. 3:11-CV-770 (CSH), 2013 WL 1385266, at *3 (D. Conn. April 3, 2013). *See also Quanta Specialty Lines Ins. Co. v. Investors Capital Corp.*, 403 F. App'x 530, 532-33 (2d Cir. 2010); *Monahan v. N. Y. City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (noting that leave to amend an answer may be denied on the grounds of "futility"), *cert. denied*, 531 U.S. 1035 (2000). Furthermore, as this Court has previously stated, "[a] party opposing a motion for leave to amend has the burden of proving that such amendment is futile." *Tavares,* 2013 WL 1385266, at *3 (quoting *Schaghticoke Tribal Nation v. Norton*, 06cv81 (PCD), 2007 WL 867987, at *11 (D. Conn. Mar. 19, 2007)). *See also Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) ("The party opposing such amendment had the burden of establishing that leave to amend would be prejudicial or futile").

"An amendment is not futile if the claim it seeks to assert is 'colorable and not frivolous.'"

*Zoll v. Jordache Enterprises Inc.,* No. 01 CIV. 1339 (CSH), 2002 WL 485733, at *4 (S.D.N.Y. Mar. 29, 2002) (citing *Sumitomo Elec. Research Triangle, Inc. v. Corning Glass Works,* 109 F.R.D. 627, 628 (S.D.N.Y. 1986)). The Court will examine Defendants' proposed additional affirmative defenses to determine whether they meet this low standard.

**1.** *As to the affirmative defense of release*

Plaintiff contends that Defendants' proposed affirmative defense of release is futile because, first, Plaintiff never executed a release, and, second, any purported releases obtained from potential class members are invalid because they were obtained by improper and impermissible means. *See* Pl. Br. 6.

While the propriety and significance of the purported releases is obviously in dispute, the Court is convinced by that very dispute, and the legal authority cited by each side, that Defendants' proposed release defense is "colorable," not "futile." Whether the releases were, as Plaintiff contends, obtained by impermissible means is a mixed question of fact and law. However, at this stage of the litigation, governed by Rule 15, the Court expresses no opinion concerning the merits of the movants' proposed release defense, or the arguments Plaintiff marshals against that defense. Plaintiff has cited no authority that compels the Court to deny leave to add this affirmative defense, and so leave will be GRANTED, and the defense added to Defendants' operative answer, where it will be subject to further briefing and, one may predict confidently, continuing dispute.

**2.** *As to the affirmative defense of statute of limitations*

Plaintiff asserts that Defendants' proposed affirmative defense of statute of limitations would be futile. Defendants propose this defense only as to the remaining federal claim under the Electronic Funds Transfer Act ("EFTA") which might be brought by possible members of the class Plaintiff seeks to represent (not as to Plaintiff himself). *See* Defs. Br. 8.

The filing of a class action lawsuit tolls the statute of limitations for members of the class. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974).

> A contrary rule . . . would deprive Rule 23 class actions of the efficiency and economy of litigation which is a principal purpose of the procedure. Potential class members would be induced to file protective motions to intervene or to join in the event that a class was later found unsuitable. . . . [A] rule requiring successful anticipation of the determination of the viability of the class would breed needless duplication of motions.

*Id.* at 553-54. Generally, this *American Pipe* tolling ceases when a class suit is dismissed, and the class members are again on their own to vindicate their claims. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983).

In our case, the Parties agree that Plaintiff's Complaint [Doc. 1], which stated claims on behalf of Plaintiff and all others similarly situated, tolled the relevant statutes of limitations for prospective class members, as of its filing date of August 27, 2010. Defendants' proposed affirmative defense of statute of limitations posits that this *American Pipe* tolling ceased upon the October 15, 2015 issuance of this Court's Ruling [Doc. 105], which dismissed Plaintiff's Second Amended Complaint in its entirety. Defs. Br. 8. As the Parties well know, fourteen months later the Second Circuit reversed that decision, in part, and reinstated two of Plaintiff's claims, including the EFTA claim, in an opinion filed on December 20, 2016. *See* Doc. 113; 673 Fed. App'x. 100.

Actions under the EFTA have a one year statute of limitations. 15 U.S.C. § 1693m(g). Defendants' proposed affirmative defense asserts that Plaintiff's filing of appeal did not extend or renew the tolling of prospective class members' claims, and by the time the Second Circuit opinion revived two of Plaintiff's claims, the EFTA filing period had run as to claims brought on behalf of prospective class members (though not as to Plaintiff's individual EFTA claim). Defs. Br. 8-10. Defendants rely particularly on a recent Second Circuit decision which held that *American Pipe*

tolling ceased when a district court denied the plaintiff's class claims, and did not continue through the pendency of the plaintiff's prior appeal. *See Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 116-17 (2d Cir. 2013) ("Although the possibility of reconsideration or reversal on appeal existed, Giovanniello is incorrect that this rendered the district court's decision 'provisional.' Indeed . . . after a district court's determination of whether an action may be maintained as a class action, the class is no longer putative: having been subjected to a legal decision, the class is either extant or not" (internal quotation marks omitted)).

Plaintiff objects that the defense of statute of limitations is futile, and proffers a different interpretation of the *American Pipe* case law. Pl. Br. 9-10 ("None of Defendants' cited authorities held that the statute of limitations for claims asserted in a class complaint (for which the plaintiff had standing to assert) expired after dismissal of the class action complaint and during the pendency of an appeal of that dismissal" (footnote omitted)). In particular, Plaintiff takes issue with Defendants' reading of Second Circuit precedent, and notes that the primary case upon which Defendants rely, *Giovanniello v. ALM Media, LLC*, 726 F.3d 106 (2d Cir. 2013), found that the pendency of appeal had not tolled the statute of limitations as to putative class members' claims for the purposes of a *separate, subsequent* class action. Pl. Br. 8-10. Of course here the question is whether Plaintiff's class claims survived long enough to be reinstated, in the same action, by the Second Circuit's reversal of the decision which extinguished them.

For the purposes of this motion to amend under Rule 15, the Court expresses no view as to the persuasiveness of the Parties' conflicting arguments on the proper application of the *American Pipe* line of cases and the consequent tolling of limitations with respect to the class claims raised by this case. It is sufficient, at this stage in the proceedings, to conclude, as the Court does, that Defendants' proposed additional affirmative defense of statute of limitations is "colorable and not

frivolous." *Zoll*, 2002 WL 485733, at *4. As I find that defense to be so "colorable," leave to amend as to this defense will be GRANTED. In order to further pursue the legal viability of the defense, the Court may require oral argument of counsel, in which event the parties will be advised.

### III. CONCLUSION

For the foregoing reasons, the Motion of Defendants to Amend/Correct their Answer [Doc. 129] is GRANTED. The Clerk is directed to docket Defendants' Proposed Amended Answer [Doc. 129-2] forthwith.

The schedule going forward in this case is hotly disputed – as demonstrated by the Parties' Amended Rule 26(f) Report [Doc. 122], and the scheduling conference held by the Court on March 23 of this year. A forthcoming scheduling order from the Court will resolve these disputes.

It is SO ORDERED.

Dated: New Haven, Connecticut
August 24, 2017

 */s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge